GRACE LATTERMAN et al., Infants, by BESSIE LATTERMAN, Their Guardian ad Litem, Appellants, *v.* GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Respondent.

Submitted January 4, 1939; decided February 28, 1939.

*Louis Zimmerman* for appellants.

*Orville F. Grahame* and *D. Curtis Robertson* for respondent. The election of the option would violate the legal provisions for investment of trust funds by guardians. (Cons. Laws, ch. 14, § 85; Cons. Laws, ch. 13, § 111; *Matter of Vanderbilt*, 129 Misc. Rep. 605; *Matter of Rooney* v. *Wiener*, 147 Misc. Rep. 48.) The contract of insurance did not, and could not, enlarge or waive statutory requirements. (*Bank of Augusta* v. *Earle*, 13 Pet. 519; *Meacham* v. *Jamestown, F. & C. R. R. Co.*, 211 N. Y. 346; *Crossman Co.* v. *Rauch*, 263 N. Y. 264.) The proceeds of the policy should be paid to and collected by the general guardian in one lump sum. (*Terry* v. *Black*, 58 N. Y. 185; *Matter of Vanderbilt*, 129 Misc. Rep. 605; *Matter of Rooney* v. *Wiener*, 147 Misc. Rep. 48.)

FINCH, J. The infant plaintiffs are the beneficiaries named in a policy of insurance issued by the defendant to their deceased father. This insurance policy differed in important particulars from the ordinary straight life policy. Bound up with the obligation to pay money upon [the] death was, among others, the obligation on the part of the insurer, to arise on the election of either the insured or a beneficiary, to retain the sum during the lifetime of the beneficiary or for a specified period, during which the company would pay thereon interest monthly at such rate as the company may declare for the year, but never less than the equivalent of the yearly rate of three per cent, with the obligation at the death of the payee, or at the end of the specified period, to make payment of the principal as provided in the election of the particular option. The father died without having exercised the option. The infant beneficiaries, as is now also their right, through their guardian, have chosen to take advantage of an option and have named a specified

period, namely, until they attain their majority, during which the interest is to be paid as noted above.

This action has been brought to obtain specific performance of the agreement, upon refusal of the defendant to comply therewith. It is sought to use the infancy of the plaintiffs to nullify an integral part of the obligation and to limit such obligation to the mere payment of money, as the option has become of value to the infants in the judgment of the guardian, and an undesired burden to the defendant. Must the court deprive the infants of the advantage of their right?

As a complete defense the defendant pleads in its answer section 85 of the Domestic Relations Law (Cons. Laws, ch. 14) and section 111 of the Decedent Estate Law (Cons. Laws, ch. 13). On motion of plaintiffs under Civil Practice Rules 109 and 112, this defense has been sustained heretofore and judgment rendered for the defendant. Plaintiffs now appeal from the affirmance of the Appellate Division, one justice dissenting.

The assured had the undoubted right to enter into the contract and to agree with the defendant upon the provisions in question. If these provisions enlarge, in a manner not against public policy, the power of the fiduciaries, effect thereto should be given. Otherwise, the solicitude of the law for the protection of infants is disregarded, and the provision becomes forfeited when the beneficiaries are minors. It cannot be held to have been without the contemplation of the contracting parties that the named beneficiaries might be minors at the death of the assured and that the assured might die without previous exercise by him of such option. The death of the assured while his children were minors was one of the likely happenings. The contract, however, contains no provision indicating that the right of the beneficiary to exercise such option should be lost in the event that the death of the assured occurred during the minority of the beneficiaries. Section 85 of the Domestic Relations Law and section 111 of the Decedent Estate Law limit the powers of a guardian and

other fiduciaries " holding trust funds for investment." These statutes have no application to the facts herein. The guardian does not first obtain funds as such plus the subsequent opportunity to invest, but a bundle of contractual rights, which have certain very valuable options as a component part thereof, all of which vest simultaneously.

By the terms of the insurance policy the beneficiaries acquired a vested interest in the performance of the contract by the defendant. Hence the infants obtained a right in the exercise of the option. Such an interest is in the nature of a property right. Accordingly, the problem at bar is not whether the guardian may invest funds already in the possession of the infants, in a non-legal security, but whether an infant shall be compelled to accept a portion of a gift and forfeit the balance. In other words, assume that the infants may receive by way of interest two per cent or two and one-half per cent upon deposit of a like sum in a savings bank, or a like amount of interest upon the price which must be paid for a security legal for the investment of the funds of infants, instead of three per cent upon this fund with accretions, must a court then compel the infants to sacrifice this difference every year, not only up to the coming of age of the infants, but during their entire lifetime? A guardian for an infant would not be compelled to decline a gift of a non-legal investment given upon condition that it should not be sold. In the case at bar, for the infants to be compelled to accept a lump sum payment would mean a substantial loss of value to them. There is the further factor that the non-legal property, namely, the exercise of the option, is one which cannot be separated from the remainder of the gift or be converted into other property.

It is true that an investment of the funds of an infant held by a guardian in real property would be forbidden, and yet a court would not compel the sale of such real property belonging to an infant except upon a finding by a court that such sale was for the best interest of the infant. In seeking the best interests of the infant, which has always been the guiding principle for the courts, it must appear

that the guardian has exercised his judgment and determined that the action he seeks is for the best interests of the infants. The court looks to this discretion which resides in the guardian and controls his judgment. The court will not substitute its judgment for that of the guardian as to what is for the best interests of the infants unless unusual circumstances are shown. Here the defendant is demanding the sacrifice of a portion of the property of the infants without regard to whether this forfeiture is or is not for the best interests of the infants and against a finding by the guardian that the best interests of the infants are directly to the contrary. The species of property in the case at bar is neither money nor real property, but a contractual obligation. (Compare *Crossman Co.* v. *Rauch*, 263 N. Y. 264.) If it were to be treated as an obligation only to pay a sum of money, which it is not, the infants would lose and the defendant gain monetary and other advantages.

The judgments should be reversed and judgment granted in favor of the plaintiffs for the relief demanded in the complaint, with costs in all courts.

LEHMAN, J. (dissenting). Under the terms of the policy the assured has agreed to pay to the beneficiaries named in the policy the sum of money stipulated in the policy. No conditions are attached to that promise and the beneficiaries are entitled to demand payment immediately. The policy, however, grants " optional methods of settlement " and provides that " if it is so elected the whole or any part of the net proceeds of this policy payable as a claim by death * * * will be retained by the Company and settled in accordance with the provisions stated below. * * * Option 1. The Company will make monthly interest payments on the sum retained during the life time of the payee or for a specified period at such rate as the Company may declare for each year, but never less than the equivalent of the yearly rate of three per cent.; * * *."

By exercise of that option a beneficiary may obtain an investment which he could obtain in no other way and

which in the opinion of the beneficiary may be more advantageous than any other investment which the beneficiary can make. Before determining whether to exercise such an option, a prudent person would weigh the comparative advantages of that investment and investments of other kinds. Larger income return might perhaps be obtained from other investments, but at a risk which a prudent investor might not desire to take. Other investments equally safe might return a smaller income. Choice of investment may depend upon the knowledge and care of the investor and upon the comparative importance to the investor of safety and size of return. A contractual right to make an investment not otherwise obtainable is valuable to an investor who prefers such investment to any other investments that he might make.

In the investment of trust funds a fiduciary is not entirely free to weigh and balance conflicting considerations of safety and size of return. His choice of investments is limited by statute. The Legislature has specified " those types of investments which to the Legislature seem to afford a maximum of safety." Investment of trust funds by a fiduciary in manner not authorized by the statute may be regarded as a *devastavit*. (*Delafield* v. *Barret*, 270 N. Y. 43, 48.) Concededly the statute does not permit a guardian to place moneys of an infant on deposit with an insurance company; concededly, if the insurance company had paid the amount of the policy to the guardian of the infant the guardian would not under the statute have been permitted to hand back the moneys to the insurance company to be held upon the terms specified in the option. That would have constituted an unauthorized investment; but it is said that here there has been no investment because the choice or option granted to the beneficiary by contract is whether to receive immediately the amount due under the policy or to direct the company to " retain " the money due at interest. Because there has been no money paid to the guardian there has been, it is said, no investment by the guardian.

A direction to a debtor to " retain " at interest for a definite time moneys presently due which the debtor is ready to pay is, aside from purely technical distinctions which carry no practical consequences, an investment of the moneys. The application of safeguards provided by the Legislature for the protection of trust funds should not depend upon technical distinctions without practical consequences. The same considerations which might properly induce the Legislature to limit investment of trust funds to those types of investment which seem to afford a maximum of safety apply with equal force to a direction to a debtor to retain moneys presently payable to a fiduciary as part of a trust fund. There is no analogy here to those cases where a testator or settlor places in a trust fund property which a trustee would not be free to purchase as a proper investment of the trust fund. In such case the powers of the trustee are derived from the trust instrument; the creator of the trust fund has chosen the property which should be held by the trustee. In this case the assured has made no such choice. Under the contract made by the assured the beneficiaries are entitled to payment of a sum of money. Because the beneficiaries are infants the moneys are payable to their guardian. He is under a duty to invest the moneys received in accordance with the statute. The policy confers a right to direct the insurance company to retain the money at interest. Beneficiaries who are free to invest their moneys as they choose can avail themselves of this contractual right. The assured has not expressly or by fair implication indicated that if the beneficiaries should be infants at the time when the moneys become payable their guardian should have the same choice as to the manner in which the trust funds should be invested as adult beneficiaries would have had. The purpose of the statute is to guide a guardian and other fiduciaries in the investment of trust funds. Freedom to reject such guidance may not be conferred by the courts or based upon doubtful implications. The infant beneficiaries are entitled to receive the moneys immediately payable under the policy. Acceptance of an

obligation from the debtor to hold at interest for a definite term moneys presently payable in settlement or substitution of an obligation to pay the moneys, is an investment of the fund as much as if the moneys had been paid and then used to purchase a similar obligation. To hold otherwise is to disregard the substance and to give effect to form alone. To hold that the guardian may use his judgment as to whether an obligation by the insurance company to retain at interest moneys due is the most desirable form of investment of moneys belonging to an infant is to reject the command of the Legislature that only specified types of investment, selected because of safety, shall be treated as proper investment of such funds.

The judgment should be affirmed.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur with FINCH, J.; LEHMAN, J., dissents in opinion.

Judgment accordingly.