KATHARINE C. PIERCE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1.  Promulgated October 4, 1943.

*Edwin S. Cohen, Esq.*, for the petitioner.
*C. C. Holmes, Esq.*, for the respondent.

834

OPINION.

VAN FOSSAN, *Judge*: The only issue presented is whether the respondent erred in including the sum of $2,009.51 in the petitioner's gross income for 1940. The respondent's action is predicated on Treasury Regulations 103, section 19.22 (b) (1)–1, as amended.[1] That section of the Treasury regulations interprets section 22 (b) (1), I. R. C.[2] The legislative history of that section of the Code is fully and concisely set forth in *Sidney W. Winslow, Jr.*, 39 B. T. A. 373, and need not be restated.

---

[1] SEC. 19.22 (b) (1)–1. *Life insurance—Amounts paid by reason of the death of the insured.*—The proceeds of life insurance policies, paid by reason of the death of an insured to his estate or to a beneficiary (individual, partnership, or corporation), directly or in trust, are excluded from the gross income of the beneficiary, except in the case of certain transferees as provided in section 19.22 (b) (2) (A)–3 and in the case of a spouse to whom such payments are income under section 22 (k). If, however, such proceeds are held by the insurer under an agreement to pay interest thereon, the interest payments must be included in gross income. *In the case of a beneficiary to whom payments are made in installments pursuant to an option exercised by such beneficiary, the amount exempted is the amount payable immediately after the death of the insured had such beneficiary not elected to exercise an option to receive the proceeds of the policy or any part thereof at a later date or dates.* [Italics supplied.] In any mode of settlement pursuant to an agreement of the insurer with a beneficiary the portion of each distribution which is to be included in gross income shall be determined as follows:

(*a*) *Proceeds held by the insurer.*—If the proceeds are held by the insurer under an agreement *with a beneficiary* [b] to distribute either the increment to such proceeds currently, or the proceeds and increment in equal installments until both are exhausted, there shall be included in gross income, the increment so paid to the beneficiary, or so credited to the fund in each year by the insurer.

\* \* \* \* \* \* \*

(*c*) *Proceeds payable in installments during the life of the beneficiary.*—If, pursuant to such agreement,[c] the proceeds are payable in installments during the life of the beneficiary the amount of each installment that is to be included in gross income will be determined as in paragraph (*b*) of this section, except that the number of years to be used in the specified computation will be determined by the life expectancy of the beneficiary, as calculated by the table of mortality used by the particular insurance company in determining the amount of the annuity.

(*d*) *Proceeds payable for a fixed number of years and for continued life.*—If, pursuant to such agreement,[c] the proceeds are payable in installments for a fixed number of years and for continued life, the amount of each installment that is to be included in gross income will be determined either as provided in paragraph (*b*) of this section if the fixed number of years for which payment is to be made exceeds the life expectancy of the beneficiary, as calculated by the table of mortality used by the particular insurance company in determining the amount of the annuity; or, as provided in paragraph (*c*) of this section if such life expectancy exceeds the specified fixed period.

\* \* \* \* \* \* \*

[a The first paragraph of section 19.22 (b) (1)–1 as first amended by T. D. 5194 (I. R. B. 1942, No. 50, p. 20) approved Dec. 8, 1942, was further amended by T. D. 5231 (I. R. B. 1943, No. 5, p. 4) approved Feb. 22, 1943, and by T. D. 5271, approved June 14, 1943.

b The underlined words were inserted in lieu of the parenthetical expression "(whether with the insured or with a beneficiary)" by T. D. 5231, *supra.*

c Words in italics were added by T. D. 5231, *supra.*]

[2] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(1) LIFE INSURANCE.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income);

\* \* \* \* \* \* \*

The rule is well established that section 22 (b) (1), I. R. C., exempts from taxation installments received by a beneficiary pursuant to an election of a settlement option made by the insured prior to the maturity of the policy. *Sidney W. Winslow, Jr., supra;* affd., 113 Fed. (2d) 418 (C. C. A., 1st Cir.) ; *Commissioner* v. *Bartlett*, 113 Fed. (2d) 766 (C. C. A., 2d Cir.) ; affirming B. T. A. memorandum opinion, July 6, 1939; *Commissioner* v. *Buck*, 41 B. T.·A. 99; affd., 120 Fed. (2d) 775 (C. C. A. 2d Cir.), on this point; *Allis* v. *La Budde*, 128 Fed. (2d) 838 (C. C. A., 7th Cir.) ; *Kaufman* v. *United States*, 131 Fed. (2d) 854 (C. C. A. 4th Cir.) ; *Mahlon D. Thatcher*, 46 B. T. A. 869. The Commissioner has apparently acceded to those decisions. (See footnotes b and c under footnote 1.) The corresponding sections of Treasury Regulations 101, 94, and 86 were also amended by T. D. 5231. As indicated in the quoted regulations, respondent has not applied the same principle in situations where the option is exercised by the beneficiary after the death of the insured. Petitioner attacks the regulation as being inconsistent and invalid.

Thus the problem here presented is resolved to the question: Does the fact that the election to have the proceeds of the policy paid in installments is exercised by the beneficiary rather than the insured remove the amounts received from the exemption provided by section 22 (b) (1), I. R. C.? The respondent, in contending in the affirmative, urges that the petitioner, by electing option C, entered into a new contract with the insurance company and that the part of the payments in excess of the amount payable in a lump sum at the death of the insured is taxable. According to the respondent that transaction between the petitioner and the insurance company "Was one in the nature of a loan of investment on the part of the beneficiary from which she received interest or compensation for use of the funds."

We do not agree with the respondent's analysis. Immediately upon the insured's death the petitioner was vested with several distinct and valuable property rights. *Latterman* v. *Guardian Life Insurance Co. of America,* 280 N. Y. 102; 19 N. E. (2d) 978. Among these rights was the right to demand a lump sum payment or to require the insurance company to pay her in accordance with one or more of the options. These property rights stem from the policy itself and not from the instrument in which she indicated her election under date of May 4, 1940. That instrument created no new rights. It merely advised the insurance company of her choice between her several rights, thus authorizing it to discharge its obligation to her in the manner stipulated in option C. Since the petitioner's rights flowed directly from the policy, it necessarily follows that all pay-

ments received by her in satisfaction of those rights were made by reason of the provisions of the policy which matured on the death of the insured.

In our opinion petitioner's situation is not distinguishable in principle from that which underlies the above cited cases. Congress placed no such limit on the exemption as that proposed by respondent. The language of section 22 (b) (1) is comprehensive. The history of the legislation shows that Congress was concerned generally with the exempting from taxation of payments under insurance contracts, whether made in one lump sum or in installments. To provide for the exemption of annuity payments the language was specifically changed in the 1934 Act by use of the words "or otherwise" in lieu of the phrase "or installments." The only stated instance where the exemption is denied is where the "amounts are held by the insurer under an agreement to pay interest thereon." Option A of the contract here under consideration exactly fitted this parenthetical provision. It provides that the beneficiary may elect to leave the proceeds of the policy with the company and be paid "interest thereon annually at the rate of 3 per cent * * *." With the provision of option A before her, petitioner deliberately rejected·it and chose option C, providing for payments in installments. The installment payments are computed according to a schedule contained in the policy. No part of them is denominated as interest. Unlike the dividends, they are payable whether the insurance company earns money or not. They flow from the right granted the petitioner under the policy, and in our judgment are "paid by reason of the death of the insured." See *George H. Thornley*, 2 T. C. 220.

There is certain reasoning in the opinions of the courts in *Penn Mutual Life Insurance Co.* v. *Commissioner*, 92 Fed. (2d) 962, relied on by the respondent, and *Equitable Life Assurance Society of the United States* v. *Helvering* (C. C. A., 2d Cir.), 137 Fed. (2d) 623, cited by petitioner, which might on casual reading seem to be contrary to our conclusion. We would point out, however, that in both these cases the courts were dealing with interest deductions claimed by the insurance companies, while we are dealing with the exclusion from income of installment payments under a wholly different statute enacted by Congress with wholly different concepts in mind. The two statutes are not correlative.

That the two statutes are not correlative is readily seen on the study of cases involving two types of insurance questions in the Circuit Court of Appeals for the Second Circuit. In *Bartlett* v. *Commissioner*, *supra*, and in *Buck* v. *Commissioner*, *supra*, that court held that where an insured exercised the option for installment payments during his lifetime the exclusion provided by section 22 (b) (1) applied and the installment payments were not taxable. (The First Circuit held

to the same effect in *Commissioner* v. *Winslow, supra*; as did the Fourth Circuit in *Kaufman* v. *United States, supra*, and the Seventh Circuit in *Allis* v. *La Budde, supra*.)

Notwithstanding the above cases, the Second Circuit recently held in *Equitable Life Assurance Society of the United States* v. *Helvering, supra*, that interest payments on insurance contracts are deductible by the company whether the option be exercised by the insurer or the beneficiary, differing, as to the former, with the Third Circuit holding in *Penn Mutual Life Insurance Co., supra*. No extended demonstration is necessary to prove that, if the two statutes were correlative and no exclusion is available if an interest deduction be allowable, the *Equitable Life* decision would require the denial of the exemption whether the option be exercised by the insured or by the beneficiary and no exemption would be available in either case.

By similar reasoning it would be demonstrated that if the two sections of the law are correlative, Congress, which, moved by beneficent purposes, enacted section 22 (b) (1), has in the Revenue Act of 1942 vitiated and nullified the cited section by passing section 163, which amended section 201, I. R. C., by adding section 201 (c) (6) (B), broadening the basis for the deduction of interest in insurance cases to include, in addition to interest paid as such:

(B) All amounts in the nature of interest, whether or not guaranteed, paid within a taxable year, on insurance or annuity contracts (or contracts arising out of insurance or annuity contracts) which do not involve, at the time of payment life, health, or accident contingencies.

Such an inconstancy of purpose is not to be assumed. We repeat, the provisions for deduction of interest paid and for exemption of payments on insurance contracts are not correlative.

We hold that the entire amount received by petitioner which was paid by the insurance company as installments in satisfaction of her rights under option C was paid her by reason of the death of the insured and is exempt from tax under the provisions of section 22 (b) (1). The sum of $5,970 is thus exempt. To the extent that it is inconsistent with this opinion, section 19.22 (b) (1)–1 (*c*) of Regulations 103 as amended, is not a proper interpretation of section 22 (b) (1), I. R. C., and is invalid.

The sum which petitioner received in excess of the amount provided for in option C, to wit, $324, paid by the insurance company as dividends, was not paid her by reason of the insured's death and therefore is not exempted from taxation under the cited section. *Sidney W. Winslow, Jr., supra.*

Reviewed by the Court.

*Decision will be entered under Rule 50.*

TURNER and HILL, *JJ.*, dissent.