**LAW v. ROTHENSIES, Collector of Internal Revenue.**

No. 3541.

District Court, E. D. Pennsylvania.

Oct. 11, 1944.

448

Kenneth W. Gemmill and Barnes, Dechert, Price & Smith, all of Philadelphia, Pa., for plaintiff.

Maurice P. Wolk, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe, Sp. Asst. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This matter arises on a motion for summary judgment filed by plaintiff in an action brought by her to recover refunds of a portion of income taxes which she paid in 1938 and 1939. The pleadings and affidavits of record disclose that plaintiff was the beneficiary of ten policies of insurance upon the life of her husband who died in 1936.[1] With one exception, each of the policies provided that the insured in his lifetime could elect one of several methods of payment of the proceeds in lieu of a lump sum cash payment to the beneficiary. One of these settlement options permitted the receipt of the proceeds in installments. Seven of the policies contained a further provision that if the insured died without exercising any option the beneficiary would have the same election as to the method of receipt of the proceeds.

Plaintiff's husband died without exercising any of the settlement options. Plaintiff, as beneficiary, requested payment of the proceeds of all the policies in installments of twenty years certain and thereafter for continued life.[2] Her election was assented to by the various insurance companies even with respect to the proceeds of the three policies under which no such right of election was granted to the beneficiary, and she has since been receiving the proceeds in accordance with her election.

The present controversy arises with respect to the proper interpretation of Section 22(b) of the Revenue Act of 1938, 26 U.S. C.A. Int.Rev.Code, § 22(b), which provides in part as follows:

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

"(1) Life insurance. Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income); * * *."

The Commissioner of Internal Revenue has taken the position that where the election to receive the proceeds of a life insurance policy in any form other than in a single cash sum is made by the beneficiary thereunder rather than by the insured, the amounts received by the beneficiary in excess of what he would have received in a lump sum must be included as gross income. Accordingly, the Commissioner promulgated regulations under which the face amount due under the policy is divided by the number of years the insurance company agrees to pay the installments (in cases where a fixed number of installments is agreed upon), or by the number of years of the life expectancy of the beneficiary (in cases where the installments are payable only during the beneficiary's lifetime), and the excess received annually by the beneficiary is not to be excluded in the computation of gross income. Plaintiff attacks the validity of these regulations and seeks refund of the tax paid in 1938 and 1939 on the proceeds of the policies in excess of the amounts paid in accordance with these regulations.

It has been generally recognized that where the insured has made the election that the payments be made in installments rather than in lump sum Section 22 (b) of the Internal Revenue Code, 26 U.S. C.A. Int.Rev.Code, § 22(b), excludes the entirety of such installments from the gross income of the beneficiary. Commissioner of Internal Revenue v. Winslow, 1 Cir., 113 F.2d 418, 133 A.L.R. 405; Commissioner of

---

[1] As to one of the policies with the New York Life Insurance Company, plaintiff was not designated as beneficiary but was treated as beneficiary by the company and received the proceeds of the policy.

[2] With respect to one policy with the Girard Life Insurance Company, plaintiff first elected an option under which she permitted the proceeds to remain with the company and received interest thereon annually at a specified rate, and subsequently changed to the installment option.

Internal Revenue v. Bartlett, 2 Cir., 113 F. 2d 766; Allis v. La Budde, 7 Cir., 128 F.2d 838; Kaufman v. United States, 4 Cir., 131 F.2d 854.

The distinction which the Commissioner seeks to draw is that where the election is made by the beneficiary after the death of the insured to accept installment payments rather than a lump sum in cash, the agreement is supplementary to the policy obligation and creates a new relationship between new and different parties. It is argued that substantially all the incidents of complete ownership to the proceeds accrue to the beneficiary at the moment of the death of the insured and that any subsequent election to permit the insurer to retain the proceeds and to make installment payments in lieu thereof is essentially the equivalent of investing, on similar terms, money which the beneficiary has in the bank, and hence the increment therefrom should be taxable as income.

■ The question presented, however, is not the extent of the incidents of ownership which the beneficiary has in the proceeds of the policy. It is whether Congress in enacting Section 22(b) of the Revenue Act of 1938 intended to exclude entirely from gross income installment payments made under an insurance policy option when exercised by the insured but not when exercised by the beneficiary. I am unable to find such an intention. Neither the language of this section nor its legislative history gives any indication that such an intention existed. That Congress, if it had intended to make such a distinction, could readily have expressed it, is demonstrated by the parenthetical clause contained in Section 22(b), by which interest payments on such portions of the proceeds as may be retained by the insurer under an agreement to pay interest thereon are to be included in "gross income." There can be no doubt that the familiar options in policies of life insurance were known to the framers of the Revenue Act, and from the language of this section it would appear that the only one with respect to which they intended to make the increment on the principal sum includible in gross income was the one requiring the payment of interest as such. The Commissioner's argument that the control exercised by the beneficiary when he elects the installment option is such as to justify the inclusion as gross income of the amount in excess of the cash sum then payable is one which is appropriate for the consideration of Congress in drafting the Revenue laws rather than for the courts in construing them.

This conclusion is supported by the only case in which the same question has been raised. In Pierce v. Commissioner of Internal Revenue, 2 T.C. 832, at page 837, the Tax Court, in rejecting the Commissioner's contention and holding invalid the regulation referred to above, said:

"We do not agree with the respondent's analysis. Immediately upon the insured's death the petitioner was vested with several distinct and valuable property rights. Latterman v. Guardian Life Ins. Co. of America, 280 N.Y. 102, 19 N.E.2d 978 [127 A. L.R. 450]. Among these rights was the right to demand a lump sum payment or to require the insurance company to pay her in accordance with one or more of the options. These property rights stem from the policy itself and not from the instrument in which she indicated her election under date of May 4, 1940. That instrument created no new rights. It merely advised the insurance company of her choice between her several rights, thus authorizing it to discharge its obligation to her in the manner stipulated in option C. Since the petitioner's rights flowed directly from the policy, it necessarily follows that all payments received by her in satisfaction of those rights were made by reason of the provisions of the policy which matured on the death of the insured.

"In our opinion petitioner's situation is not distinguishable in principle from that which underlies the above cited cases. Congress placed no such limit on the exemption as that proposed by respondent. The language of section 22(b) (1) is comprehensive. The history of the legislation shows that Congress was concerned generally with the exempting from taxation of payments under insurance contracts, whether made in one lump sum or in installments. To provide for the exemption of annuity payments the language was specifically changed in the 1934 Act by use of the words 'or otherwise' in lieu of the phrase 'or installments.' The only stated instance where the exemption is denied is where the 'amounts are held by the insurer under an agreement to pay interest thereon.' Option A of the contract here under consideration exactly fitted this parenthetical provision. It provides that the beneficiary may elect to leave the proceeds of the policy with the company and

be paid 'interest thereon annually at the rate of 3 per cent * * *.' With the provision of option A before her, petitioner deliberately rejected it and chose option C, providing for payments in installments. The installment payments are computed according to a schedule contained in the policy. No part of them is denominated as interest. Unlike the dividends, they are payable whether the insurance company earns money or not. They flow from the right granted the petitioner under the policy, and in our judgment are 'paid by reason of the death of the insured.' See Thronley [v. Commissioner of Internal Revenue], 2 T.C. 220.

\*     \*     \*     \*     \*     \*

"We hold that the entire amount received by petitioner which was paid by the insurance company as installments in satisfaction of her rights under option C was paid her by reason of the death of the insured and is exempt from tax under the provisions of section 22(b) (1). The sum of $5,970 is thus exempt. To the extent that it is inconsistent with this option, section 19.22 (b) (1)–1(c) of Regulations 103 as amended, is not a proper interpretation of section 22(b) (1), I.R.C. [26 U.S.C.A. Int.Rev.Code, § 22(b) (1)], and is invalid."

The Commissioner contends that the ruling of the Circuit Court of Appeals for the Third Circuit in Penn Mut. Life Ins. Co. v. Commissioner of Internal Revenue, 92 F.2d 962, compels a contrary conclusion. In that case it was held that in the computation of taxable income of a life insurance company the company was not entitled to deduct as "interest paid" any part of payments made in installments where the option to receive installments was exercised by the insured during his lifetime, but was entitled to the deduction where the option was exercised by the beneficiary. The court regarded the former situation as one involving a "policy obligation" and the latter as a "contract obligation" by which the company paid interest in one form or another on an absolute debt the maturity of which was no longer dependent on a life contingency. While the reasoning of this case is not wholly without force in the determination of the present question, I do not believe

that the determination of what constitutes "interest" paid by an insurance company within the meaning of the statute by which its income is taxed is conclusive of the construction of section 22 (b) (1) of the Revenue Act of 1938 exempting from the gross income of the beneficiary "amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise." That the questions involved in the two cases are distinct was recognized by the Circuit Court of Appeals for the Second Circuit in holding that interest payments by the insurance companies are deductible in computing their income whether the option as to the method of payment be exercised by the insured or beneficiary,[3] despite prior decisions that where the insured elects the installment option, section 22(b) (1) of the Revenue Act of 1938 eliminates such installments in their entirety from the gross income of the beneficiary.[4]

The above conclusions determine the right of the plaintiff to refund of the tax paid on the income received from all the policies except that with the Girard Life Insurance Company and those with the New York Life Insurance Company.

■   With respect to the Girard Life Insurance Company policy, it appears that plaintiff originally elected the option by which she would receive interest only and subsequently, with the consent of the insurance company, changed her election so that she would receive installment payments. The Commissioner contends that this reelection was not made pursuant to any right given to plaintiff as beneficiary under the policy, and hence she is not entitled to the exemption of section 22(b) for amounts received "under a life insurance contract paid by reason of the death of the insured." In reply plaintiff contends that a "temporary direction" to the insurance company should not be deemed as an election under the policy. To accept the distinction sought to be made by plaintiff and to permit the exemption by section 22(b) (1) to any recipient of interest under such a policy who can obtain the consent of the insurance company to a reelection as to the method of payment of the proceeds might have serious consequences. In view of the familiar principle that statutes affording

---

[3] Equitable Life Assur. Soc. of the United States v. Helvering, 2 Cir., 137 F.2d 623, affirmed 321 U.S. 560, 64 S.Ct. 722.

[4] Commissioner v. Bartlett, 2 Cir., 113 F.2d 766; Commissioner v. Buck, 2 Cir., 120 F.2d 775.

exemption from taxation are to be narrowly construed, I am constrained to hold that plaintiff is not entitled to refund of taxes paid upon the income received from the Girard Life Insurance Company.

For similar reasons, plaintiff's claim with respect to the income received from the New York Life Insurance Company policies must fail. Under the three policies taken out by her husband in this company there was no option given to the beneficiary to elect a particular method of payment in the event that the insured failed to make such election. The agreement of this company to permit plaintiff to choose installment payment cannot give her the benefit of the statutory exemption with respect to amounts received "under a life insurance contract paid by reason of the death of the insured."

The final argument made by the plaintiff with respect to the proceeds of these four policies cannot prevail. This argument is that, in view of the fact that plaintiff may die before she receives an amount equal to the face amount of the policy, all sums received by her should be considered as repayment of principal only, until such time as she has received the face amount of the policy. The power of the government to collect income taxes may not under the law be deferred by such an arrangement made by the taxpayer. The Commissioner relies upon the regulations referred to earlier in this opinion dividing the amount received from life insurance policies as a result of the death of the insured into principal and increment according to certain formulae and taxing the increment annually. This position, however, is inconsistent with his previous argument that the plaintiff may not take advantage of the exemption of section 22 (b) (1) because the amounts received by her under these policies do not constitute "amounts received under a life insurance contract paid by reason of the death of the insured", but constitute rather amounts received under an independent contract between new parties. If this be so, plaintiff is not subject to the regulations relied upon by the Commissioner. Under section 22(b) (2) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(b) (2), however, there is excluded from gross income proceeds of annuities to the extent that the amounts received annually exceed three per cent of the consideration, and to that extent only. With respect therefore to the proceeds of the supplementary contracts by which plaintiff exercised an option not given to her by the original policies of insurance upon her husband's life, these sums are in the nature of receipts from annuity agreements and appear to be within the provisions of section 22 (b) of the Internal Revenue Code.

For this reason plaintiff's motion with respect to the proceeds received from the four policies in question must be denied.

With respect to the proceeds of the six policies which granted the plaintiff, as beneficiary, the right to elect installment payments if the insured made no election during his lifetime, judgment may be entered for plaintiff upon her motion.