LOLA G. BULLARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6546. Promulgated December 29, 1945.

*Ralph Royall, Esq.*, for the petitioner.
*William Schmitt, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge*: The petitioner submits that the first issue is governed by the decision of the Circuit Court of Appeals for the Second Circuit (in which this case arises) in *Commissioner* v. *Pierce*, 146 Fed. (2d) 388, affirming 2 T. C. 832. In that case the petitioner elected, after the death of the insured, to receive the proceeds of the policy in installments for a term of years and as long thereafter as she should live. Here the facts are substantially identical.

In the *Pierce* case we held, and the Circuit Court of Appeals affirmed, that such installment payments were not taxable to the recipient. The respondent concedes that the *Pierce* decision is squarely in point, but states that the respondent "does not accept the decision in that case." We adhere to the cited decision and, accordingly, on the authority of the *Pierce* case, hold for the petitioner on the first issue.

The petitioner relies on *Burnet* v. *Whitehouse*, 283 U. S. 148, as controlling the decision in the second issue. The petitioner contends that the plain meaning of article seventh of the testator's will is that the monthly payments were to be paid to her in any event and not necessarily out of income of the estate.

The respondent argues that the testator intended that the petitioner would receive the monthly payments solely from income. He urges that the testator's intent must be determined from the four corners of the will and adds the comment that the testator was obviously familiar with the terms "principal and interest," "annuity," "bequests," and other such legal phrases.

As we view the situation confronting the testator at the time he executed his will, we may fairly assume he was familiar with the terms of the will and that he knew that his estate likely would require a considerable time for settlement; that his wife could not demand her income from the residuary estate, as provided in article fifth, until the amount of that estate should be definitely established and the trust

set up accordingly; and that he desired that she be assured of a monthly income of at least $2,000 until she should receive the entire net income from the estate.

Consequently, he added article seventh as an interim provision in the nature of an advance from the income from the estate, designed to guarantee his wife a current monthly income of $2,000 until the formalities of administration and the formation of the trusteeship should be accomplished. It was the obvious intent of the testator to preserve the principal intact until the petitioner's death and to limit the petitioner's rights as beneficiary to the income to be derived from that principal. There is no specific provision in the will permitting invasion of the corpus of the estate or trust.

The phrase "to be charged against the share of the said Lola G. Bullard in the income from my estate for such period" definitely earmarks the income from the estate as the source of the monthly payments. Her "share" was the net income, as is apparent from other portions of the will. The question may be posed, what if the current income were not sufficient to meet the prescribed payment? We have no doubt that if such a contingency should occur a probate court would empower the executors to borrow sufficient to meet the obligation and would authorize them to repay the loan out of the petitioner's share of the income from the estate.

The record discloses that the estate received ample income from which to pay the petitioner the $4,000 under discussion. It is also logical to assume from his familiarity with the property that the testator expected that his estate would produce such a return but that it might not be immediately available to meet his wife's present needs. Accordingly, as we have seen, article seventh provided a minimum monthly distribution of $2,000 to serve that purpose.

In the *Whitehouse* case, on which petitioner relies, the Supreme Court held that an annuity chargeable against the corpus of an estate constituted a bequest nontaxable to the annuitant as a part of her income and stated that the gift was a charge upon the whole estate during the life of the legatee, to be satisfied as is any ordinary bequest. In view of our construction of the provisions of the will and of the testator's intent in making them, it is obvious that the *Whitehouse* case is not controlling.

The respondent cites *Irwin* v. *Gavit*, 268 U. S. 161, as more nearly governing the situation here. In that case the decedent's will created a trust, the income from one part of which was to be paid to the taxpayer in equal, quarter-yearly payments during his life. The Court held that such payments were taxable income and not gifts by will or bequest, exempt from tax. Here the monthly payments during the administration and pretrust period were to be made and were to be

charged against the petitioner's share of the income from the estate realized during that period. Hence, the principles set forth in the *Irwin* v. *Gavit* case are applicable and we approve the respondent's determination in the second issue.

*Decision will be entered under Rule 50.*