**Zita B. CONE, Appellant-Plaintiff,**

**v.**

**The EQUITABLE LIFE INSURANCE COMPANY OF IOWA, Respondent-Defendant.**

**No. 22598.**

Kansas City Court of Appeals.

Missouri.

Jan. 6, 1958.

C. A. Randolph, Kansas City, for appellant.

Martin J. Purcell, Morrison, Hecker, Buck, Cozad & Rogers, Kansas City, for respondent.

CAVE, Judge.

This action was brought by the widow of George B. Cone, as beneficiary, to recover

$2,000, the face amount of a life insurance policy issued by the defendant to said Cone, together with interest. A jury was waived and the cause tried by the court upon a stipulation of facts with fourteen exhibits attached.

The court entered judgment for the defendant on the theory that the plaintiff had entered into a binding settlement partaking of the general nature of an accord and satisfaction. From that judgment she appealed. The amount involved gives this court jurisdiction. Secs. 3 and 13, Art. V, Constitution, V.A.M.S.

The stipulated facts may be summarized as follows: On November 25, 1918, George B. Cone, then a resident of Oklahoma, made written application for an insurance policy with the defendant, an Iowa corporation, but licensed to do business in Oklahoma. Cone paid the first year's premium to the Oklahoma agent of the company, who issued to him a conditional receipt which provided that the policy so applied for was to become effective "from the date said application shall be approved and accepted by said company at its home office", which was in Des Moines, Iowa. The application was transmitted to the home office, approved, and the policy issued, dated December 13, 1918, and delivered to Cone in Oklahoma.

Cone paid in full all premiums due for 18 years, up to December 13, 1936. The annual premium of $56.72 due on that date was not paid in full, but about December 11th, there was paid $11.50, and an extension agreement was issued extending the time of the payment of the balance of the premium due to April 13, 1937, and upon that date, Cone paid the further sum of $5 which extended the time of the payment of the balance to the 13th of August following. The balance of the premium was not paid on or before August 13, 1937, and the policy lapsed. Within 30 days thereafter, Cone died, in Akron, Ohio.

On October 1, 1937, plaintiff, as beneficiary, signed proof of death at the defend-

ant's Akron office. On October 11th, defendant addressed a letter to plaintiff advising her that under the terms and provisions of the policy, she was entitled to the sum of $36 as paid-up insurance and enclosed with the letter a form of receipt for that amount. She did not sign that receipt. She came to Kansas City, Missouri, and on November 5th, Mr. John J. May, plaintiff's banker, wrote defendant to the effect that plaintiff was dissatisfied with the amount offered and requested an explanation of the offer. Defendant replied to this letter stating:

"In reply to your letter of November 5, the above numbered policy lapsed for non-payment of the balance of the 1936 premium, the time for payment of which had been extended to August 13, 1937.

"In accordance with the terms of the extention agreement, since the balance of this premium was not paid at the extended date, all rights under the policy were the same as if the agreement had not been made. The cash value of the policy at date of lapse amounted to $768.00. There was an indebtedness against the contract in the form of a policy loan of $710.00 with accrued interest of $42.60, making a total indebtedness of $752.60. This left a net cash equity remaining of $15.40 which was used to purchase a reduced paid-up policy in the amount of $36.-00, which is the sum now payable as a death benefit. * * *"

After receiving this letter, and on February 21, 1938, plaintiff, at the Kansas City office of the defendant, signed a receipt for $36.72 as the full amount due on the policy. The 72¢ was interest on the $36 since filing proof of death. About two years later, this suit was filed and remained pending in the circuit court until June, 1956, at which time trial was held.

The first question to be decided is whether the acceptance by plaintiff of the amount

tendered was a settlement in the nature of accord and satisfaction by which she is bound. This question will be determined by the laws of Missouri, the forum.

The basic difference between the parties on this question is whether the claim was liquidated or unliquidated. What does the record disclose concerning that issue?

The nonforfeiture provisions of the policy are as follows: "First—if, after the payment of premiums for three or more full years, default is made in the payment of a subsequent premium, this policy shall, upon such default, without action on the part of the insured, continue as a reduced, paid-up nonparticipating policy for the amount set forth in Table 'A' below, together with any outstanding paid-up additions; or Second, upon written application of the insured and assigns, if any, and the presentation of this policy at the home office for endorsement, within three months after the date of such default, the company will continue the full amount of this policy as nonparticipating extended term insurance for the term stated in Table 'A' below counting from the date of default in premium payment, any outstanding paid-up additions shall remain in force unless surrendered for cash. Any existing indebtedness to the company, on account of this policy, if not paid, will reduce the amount of paid-up or extended insurance in the ratio of such indebtedness to the cash value of this policy at the time of default in premium payments as shown in Table 'A'." The third provision is to the effect that upon insured's request and surrender of the policy while it was in effect, the defendant would pay him the cash value of such policy less any existing indebtedness to the company.

The pertinent part of the extension agreement provided: "If the premium is not paid at the extended date (Aug. 13), the policy shall immediately lapse and all rights under the policy shall be the same as if this agreement had not been made except that a nonforfeiture value may be selected within sixty days after the extended date".

It is admitted that when default in payment of the premium occurred, there was an outstanding loan from the defendant to Cone in the principal sum of $710 with accrued interest of $42.60, secured by the policy; that the cash or loan value of the policy as of that date was $768, leaving a net value of $15.40; that said net value was sufficient to purchase a paid-up nonparticipating policy in the amount of $36 for the life of Cone, or that Cone could have elected to take a nonparticipating extended term insurance in the amount of $40 for the period of 38 years and 8 days; or could have elected to take the cash surrender value under provision "Third"; or could have elected to apply the $15.40 as a single premium to purchase extended term insurance for the full amount of the policy under provision "Second" for a very limited time. In this particular case it would have extended the policy beyond the time of his death.

Cone made no election before his death. But plaintiff contends that as beneficiary the right to make any available election survives to her, and that by bringing this suit long after settlement she has thereby elected, under provision "Second", to apply the $15.40 to purchase extended term insurance for the full amount of the policy. Defendant denies that the right of election survived to her. However, we believe the Missouri law would permit her to make any election which the insured could have made; see Knapp v. John Hancock Mut. Life Ins. Co., 214 Mo.App. 151, 259 S.W. 862, 865; Rick v. John Hancock Mut. Life Ins. Co., 230 Mo.App. 1084, 93 S.W.2d 1126; Hampe v. Metropolitan Life Ins. Co., Mo.App., 21 S.W.2d 926; but the cases are by no means in agreement on this question. See 112 A.L.R. 1063; Latterman v. Guardian Life Ins. Co., 280 N.Y. 102, 19 N.E.2d 978, 127 A.L.R. 450, 454; Schmidt v. Equitable Life Assurance Society, 376 Ill. 183, 33 N.E.2d 485, 136 A.L.R. 1036, 1045.

But her right of election, if any, did not make the claim liquidated at the time of settlement, because she had made no election, and her right to do so was in dispute. The issue of accord and satisfaction must be determined according to the existing facts at the time of the settlement.

The text writers and the courts have belabored the question of when a demand is liquidated or unliquidated, and the briefs cite many authorities on the subject. But it is unnecessary to discuss the citations in detail because of the various factual differences.

In I American Jurisprudence, Sec. 61, page 250, it is said: "A demand is not liquidated, or undisputed, even if it appears that something is due, unless it appears how much is due; and when it is admitted that one of two different sums is due, but there is a genuine dispute as to which is the proper amount, the demand is unliquidated, within the meaning of that term as applied to accord and satisfaction". In I C.J.S. Accord and Satisfaction § 32(c), p. 519, it is said: "Where the parties to a contract disagree as to the construction thereof, in a matter affecting the amount due from one party to the other under the contract, the claim is unliquidated, within the meaning of the rule that an unliquidated or disputed debt may be satisfied by payment of less than the amount claimed".

In Zinke v. Knights of Maccabees, 275 Mo. 660, 666, 205 S.W. 1, 2, on facts quite like the instant case, it is said: "* * * where there is an honest doubt between the parties as to the amount due, and after due consideration the creditor yields to the debtor's views, and agrees to and accepts the amount which the latter concedes to be due, and gives a receipt in full, and there is no fraud or other ground for equitable relief, the settlement is binding, for the reason that it comes within the principle of accord and satisfaction."

In Robinson v. Benefit Ass'n of Railway Employees, Mo.App., 183 S.W.2d 407, 411, it is said: "According to the authorities in this state, the payment of a part of a liquidated claim is sufficient consideration for a release of the whole claim by the creditor if there is a bona fide dispute between the parties as to the liability of the debtor". (Citing many cases).

It is our conclusion that at the time of the settlement, plaintiff's claim was unliquidated. Under her own theory, she was entitled to elect to take the $36 as paid-up insurance under nonforfeiture provision "First"; or to elect to take the cash value; or to elect to apply the $15.40 to purchase extended term insurance for the amount of the policy. Without fraud or deceit, she elected to accept the $36, and we believe she is bound thereby. It is unnecessary to discuss the other issues raised on appeal.

The trial court was correct in its judgment and the same should be affirmed. It is so ordered.

BROADDUS, P. J., concurs.

HUNTER, J., not sitting.