ALCY SIVYER HACKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66646. Promulgated October 15, 1937.

*Herbert C. Hirschboeck, Esq.,* and *Frederic Sammond, Esq.,* for the petitioner.

*John D. Kiley, Esq.,* for the respondent.

### OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in income tax for 1929 in the amount of $1,078.30. The question presented is whether the petitioner, who received the proceeds of an insurance policy upon the death of the insured, her father, is liable to income tax in respect of any portion of the proceeds received.

The petitioner is a resident of Milwaukee County, Wisconsin. On June 23, 1920, her father took out a life insurance policy in the New York Life Insurance Co. for $10,000, in which the beneficiary designated was the Northwestern Malleable Iron Co. On September 21, 1920, the beneficiary was changed by endorsement on the policy

to Lillian D. Sivyer, mother of the petitioner. The policy contained the following provisions:

*Assignment.*—Any assignment of this Policy must be made in duplicate and one copy filed with the Company at its Home Office. The Company assumes no responsibility for the validity of any assignment.

*Change of Beneficiary.*—The Insured may at any time, and from time to time, change the beneficiary, provided this Policy is not then assigned. * * *

The insured, on January 11, 1926, assigned the policy to his wife, Lillian D. Sivyer, for a valuable consideration amounting to $730, the cash surrender value of the policy at that time.

On February 4, 1927, Lillian D. Sivyer assigned the policy to her daughter, the petitioner herein, "For Natural Love and Affection", which was the only consideration involved. In such assignment the assignor reserved the right to revoke the assignment at any time on written notice to the company.

The petitioner's mother, Lillian D. Sivyer, did not return as a part of her gross income for Federal income tax purposes the profit which she would have received from the transaction had she not reassigned the policy to the petitioner prior to January 22, 1929, the date of the death of the insured. In addition to the consideration of $730 paid by Lillian D. Sivyer for the assignment to her of the policy, she subsequently paid premiums thereon in the aggregate amount of $935.10.

The insured, Frederick L. Sivyer, died January 22, 1929, and the policy then matured as a claim against the insurance company. The petitioner thereafter, during the year 1929, received post mortem dividends and unearned premiums of $291.45, together with the face amount of the policy of $10,000, making in all $10,291.45, in the settlement of the insurance.

In her income tax return for 1929 the petitioner did not report in her gross income or net income any portion of the proceeds received from the insurance policy. In the determination of the deficiency the respondent has added to the petitioner's gross income and net income $8,626.35, representing the excess of the proceeds of the policy over the amount paid by the mother for the assignment of the policy to her, plus premiums paid.

The petitioner's income tax return for 1929 was made under the provisions of the Revenue Act of 1928. Under section 22 of that act, gross income is defined as including "gains, profits, and income derived * * * from any source whatever." Section 22 (b) of the act provides in part as follows:

(b) *Exclusions from gross income.*—The following items shall not be included in gross income and shall be exempt from taxation under this title:

(1) LIFE INSURANCE.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or in install-

ments (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income) ;

(2) ANNUITIES, ETC.—Amounts received (other than amounts paid by reason of the death of the insured and interest payments on such amounts) under a life insurance, endowment, or annuity contract, but if such amounts (when added to amounts received before the taxable year under such contract) exceed the aggregate premiums or consideration paid (whether or not paid during the taxable year) then the excess shall be included in gross income. In the case of a transfer for a valuable consideration, by assignment or otherwise, of a life insurance, endowment, or annuity contract, or any interest therein, only the actual value of such consideration and the amount of the premiums and other sums subsequently paid by the transferee shall be exempt from taxation under paragraph (1) of this paragraph;

(3) GIFTS, BEQUESTS, AND DEVISES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).

Section 113 of the act provides in part as follows:

SEC. 113. BASIS FOR DETERMINING GAIN OR LOSS.

(a) *Property acquired after February 28, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\*     \*     \*     \*     \*     \*     \*

(2) GIFT AFTER DECEMBER 31, 1920.—If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift. \*   \*   \*

The petitioner's contention in this proceeding is that the proceeds of the insurance policy received by her in 1929 upon the death of her father, the insured, are exempt from income tax under section 22 (b) (1). The respondent's contention is that title to the insurance vested in the petitioner by gift from her mother on February 4, 1927, and that the gain computed in accordance with section 113 (a) (2) of the taxing act was realized by, and was taxable to, the petitioner when the insurance proceeds were received by her.

Under all of the income tax acts from 1913 the proceeds of life insurance policies paid to individual beneficiaries upon the death of the insured have been declared to be exempt from tax. The Revenue Act of 1926 made a further provision with respect to the proceeds of insurance policies. By section 213 (b) (2), which is the same as section 22 (b) (2) of the Revenue Act of 1928, quoted above, it provided that:

\*   \*   \* In the case of a transfer for a valuable consideration, by assignment or otherwise, of a life insurance, \*   \*   \* contract, or any interest therein, only the actual value of such consideration and the amount of the premiums and other sums subsequently paid by the transferee shall be exempt from taxation under paragraph (1) of this paragraph.

The petitioner argues that the above quoted provision has no application in a case where a policy of insurance is transferred by

the insured for a valuable consideration to a person who has a special claim upon his bounty. We are of the opinion, however, that such a construction of the statute is not permissible. It may be granted that ordinarily the transferee would not be a person who has a special claim upon the bounty of the insured. But the language of the statute is all inclusive. If the insured transfers the policy for a valuable consideration the transferee becomes an investor in the policy. Where such investor receives the proceeds of the policy, only the actual value of the consideration and the amount of the premiums and other sums subsequently paid by the transferee are exempt from income tax. We are of the opinion that if Lillian D. Sivyer had not assigned the policy to the petitioner, but had herself received the proceeds of the policy upon the death of the insured, she would have received taxable income in the amount of the excess of the proceeds over her investment in the policy.

We are also of the opinion that the petitioner, who received the proceeds of the policy, stands in no better position than Lillian D. Sivyer would have stood if she had not assigned the policy, but had herself received the proceeds. The petitioner makes much of the contention that her mother did not make a gift to her in 1927. This contention is undoubtedly correct under *Burnet* v. *Guggenheim*, 288 U. S. 280. We think it immaterial, however, that the assignment made in 1927 did not constitute a gift made in that year.

The petitioner received the proceeds of the policy. She received them by virtue of an assignment from her mother. The assignment constituted a gift of a valuable right in property. It is immaterial that the gift became effective upon the death of the insured. We are of the opinion that section 113 (a) (2) of the Revenue Act of 1928 applies and that the respondent used the correct basis in the determination of the taxable gain made by the petitioner from the receipt of the proceeds.

Reviewed by the Board.

*Judgment will be entered for the respondent.*