Myra H. Pritchard v. Commissioner.
Pritchard v. Commissioner
Docket No. 112568.
United States Tax Court
1944 Tax Ct. Memo LEXIS 74; 3 T.C.M. (CCH) 1125; T.C.M. (RIA) 44341; October 24, 1944
*74 John O. Snook, Esq., for the petitioner. Richard L. Greene, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in petitioner's income tax for the calendar year 1940, in the amount of $10,190.33, and, by reason of an affirmative issue raised in the amended answer, now claims a deficiency in the amount of $10,333.36. The petitioner claims overpayment of $133.51. The question at issue is the extent of petitioner's liability for income tax on the proceeds of certain insurance policies, of which she was the beneficiary by her husband's designation, and also a transferee under an assignment made for a valuable consideration but which was also made in contemplation of death. Findings of Fact Petitioner is a resident of Battle Creek, Michigan, and filed her income tax return for the calendar year 1940 on a cash receipts and disbursements basis with the collector of internal revenue at Detroit, Michigan. She is the widow of James Stuart Pritchard, hereinafter referred to as the insured, who died on August 4, 1940. In 1932, the insured secured five annual premium life insurance policies on his own life, in the aggregate face *75 amount of $50,000, identified as follows: Policy
Face
No.
Amount
Insurer
1343081
$10,000
Sun Life Assur. Co. of Can.
1348736
15,000
Sun Life Assur. Co. of Can.
1349841
15,000
Sun Life Assur. Co. of Can.
1349842
5,000
Sun Life Assur. Co. of Can.
11983992
5,000
New York Life Ins. Co.
In each policy, the insured retained the right to change the beneficiary, a right which he exercised. On and after March 31, 1939, petitioner was the primary beneficiary of each policy. The insured paid all the premiums due upon said policies. On July 3, 1940, the insured assigned to the petitioner each of the policies referred to above, and petitioner gave to him her checks in the total amount of $10,482.55, which was believed by both to be the total cash surrender value of the five policies. These policies were transferred in contemplation of the insured's death, and the amount payable under the policies at the death of the insured in excess of the consideration for the transfer has been included by the Commissioner in the estate of the insured for estate tax purposes, and this action has been approved by us. See Estate of James Stuart Pritchard, 4 T.C. 204.
*76 After the assignment of these policies to petitioner, the insured continued to hold a policy for $50,000, and one for $2,000, until the time of his death. The insured died on August 4, 1940, about a month after the assignment of the five policies. Petitioner did not elect to exercise any of the alternative methods of settlement under Policy No. 1349842 issued by the Sun Life Assurance Co. of Canada, but upon the death of the insured she received $5,000 in cash pursuant to its terms. Petitioner included in her return that part of the $5,000 cash received by her under this policy, which exceeded the consideration paid for that policy, which excess was $3,943.05. The tax of $133.51 paid on this amount was an over payment, erroneously made, and it was paid within two years prior to the filing of the petition herein. With respect to Policy No. 1343081, petitioner elected to exercise option No. 1, and left on deposit with the insurance company the face value of the policy, $10,000, to bear interest at the rate of 3 1/2 percent per annum. The deposit was subject to withdrawal at any time and the interest was payable at the end of each year. No interest was received under this contract *77 during the tax year. With respect to the remaining three of the transferred policies, Nos. 1348736, 1349841, 11983992, she chose to exercise option No. 3, providing for the payment to her of specified monthly payments for a period of 240 months, and thereafter as long as petitioner should live. If her death should occur before the expiration of 240 months, then the commuted value of the unpaid installments are to be paid to designated beneficiaries. These supplementary contracts also provide for the payment of any excess interest dividends which might be declared. During 1940 petitioner actually received under such contracts, total payments of $2,095.94, none of which were included in her income tax return for the year. Opinion KERN, Judge: The primary question to be determined here is whether the proceeds of the insurance policies described in our findings are taxable as income to petitioner to the extent to which they exceeded the consideration paid by her for the transfer of the policies. The determination of certain other questions of secondary nature will depend on the solution of this principal problem. We have decided, in Estate of James Stuart Pritchard, 4 T.C. 204, *78 related to this case, that the policies were transferred to petitioner in contemplation of the insured's death, and that the payment made therefor by petitioner was adequate consideration for only one out of the several valuable rights evidenced by the policies, i.e., the cash surrender right provided for therein. For the other rights there was no compensatory payment and we therefore concluded that the transfer of the policies was not for full and adequate consideration. We there approved the action of the respondent in including the proceeds therefrom at the date of the insured's death in his gross estate, for estate tax purposes, to the extent by which they exceeded the inadequate consideration received by the insured for the transfer. This was equivalent to a holding by us that there was a transfer, at and by reason of the death of the insured, of property of that value (the excess of the proceeds over the consideration paid) to petitioner, and not at the time or by reason of the assignment. See Igleheart v. Commissioner, 77 Fed. (2d) 704, 711, wherein it is said: "Property transferred by the decedent in contemplation of death is in the same category *79 as it would have been if the transfer had not been made and the transferred property had continued to be owned by the decedent up to the time of his death." Since the excess over the consideration was held not to have been effectively transferred by sale prior to the insured's death for tax purposes, it would seem impossible to escape the conclusion that the proceeds of the policies involved here were therefore acquired by the petitioner "by gift, bequest, devise or inheritance," rather than by purchase, and as such are exempt from taxation under section 22(b)(3), Internal Revenue Code. The respondent does not take an alternative position with respect to the taxability of the insurance policies to the Estate of James Stuart Pritchard, and the taxability of the proceeds to petitioner as income. He earnestly argues that this insurance is subject to both taxes. He relies on section 22(b)(2) of the Internal Revenue Code, which provides that: In the case of a transfer for a valuable consideration, by assignment or otherwise of a life insurance * * * contract, or any interest therein, only the actual value of such consideration and the amount of the premiums and other sums subsequently *80 paid by the transferee shall be exempt from taxation under paragraph (1) or this paragraph. Under this provision, we held in Alcy Sivyer Hacker, 36 B.T.A. 659, upon which respondent relies heavily, that the proceeds of an insurance policy assigned by the insured to his wife, the beneficiary, for a valuable consideration, and by her assigned gratuitously to their daughter, constituted income subject to tax in the daughter's hands. There was there no question as to the extent or adequacy of the consideration, or as to the validity of the transfer, or its effectiveness for tax purposes. Here we have held there was no effective transfer, for estate tax purposes, of the amount in controversy and we do not feel justified in holding on the same facts there was such a transfer for income tax purposes. We conclude, therefore, that the insurance proceeds under consideration are not taxable as income to petitioner. In view of our conclusion that the insurance proceeds are not taxable income to petitioner, we are not required to resolve the secondary question presented, as to whether her entire gain is taxable in 1940, under the doctrine of constructive receipt *81 or otherwise. There remains one final issue. Respondent contends that that portion of the monthly insallments which represents interest and all of the excess interest dividends received by petitioner in 1940 under the supplementary contracts are taxable to her in accordance with section 22(b)(1) of the Internal Revenue Code, and section 19.22(b)(1)-1 of Regulations 103. There is no controversy between the parties as to the taxability of the excess interest dividends which are payable as such. However, the petitioner contends that none of the payments received by her during the taxable year under option 3 of the several policies constitute taxable income by virtue of section 22(b)(1) of the Internal Revenue Code. The respondent, in support of his position, relies upon the provisions of the regulations. The regulation provides, briefly, that in the case of a beneficiary to whom payments are made in installments pursuant to an option exercised by such beneficiary, the amount exempted from taxation is the amount payable immediately after the death of the insured had such beneficiary not elected to exercise an option to receive the proceeds or any part thereof at a later time. *82 The method of computing the tax liability in such cases is then set forth in detail. In Katharine C. Pierce, 2 T.C. 832, the beneficiary elected to receive installment payments pursuant to an option contained in the contract. The Commissioner invoked the provisions of this regulation in an attempt to tax a portion of each such installment payment. We there held the entire amount paid as installments in satisfaction of the taxpayer's rights under the option to be free from tax regardless of whether the option settlement was elected by the beneficiary after the death of the insured or by the insured before the maturity of the policy, and that the regulation relied on in the instant case, to the extent to which it is inconsistent with that decision, is invalid. The respondent seeks to distinguish the Pierce case, supra, in the following particulars: that the insurance policies were not surrendered in that case, and new separate contracts issued; instead, the taxpayer there made her election by an instrument which was attached to the policy, which was endorsed to make such instrument a part of the policy, which was then returned to the taxpayer; *83 and, further, that the policy in the cited case had not been transferred for a valuable consideration. In the instant case, the petitioner made her election, surrendered the policies and received "supplementary contracts." We do not regard either of these distinctions as of sufficient importance to weaken the applicability of the Pierce case, supra, to this set of facts. Accordingly, and on the authority of that case, we hold that no part of the installment payments themselves are taxable to petitioner. Decision will be entered under Rule 50.