Bourne Bean, et al. [1] v. Commissioner. Bean v. Commissioner
Docket Nos. 50631, 50632, 50690.
United States Tax Court
T.C. Memo 1955-195; 1955 Tax Ct. Memo LEXIS 144; 14 T.C.M. (CCH) 786; T.C.M. (RIA) 55195; July 15, 1955
E. J. Wells, Esq., Taylor Building, Louisville, Ky., for the petitioners. Elmer E. Lyon, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion These consolidated proceedings involve deficiencies in income tax for 1947 as follows: Docket
No.
Petitioner
Deficiency
50631
Bourne Bean
$3,264.66
50632
Richard M. Bean and Audrey
A. Bean
3,119.68
50690
Alice B. Helmholz
2,670.82
The question presented is whether the proceeds of certain life insurance policies received by petitioners upon the death of their father constitute income taxable to petitioners to the extent that such proceeds exceeded the consideration paid by them for the transfer of the policies and the amount of premiums paid by them thereafter *145 and until the death of the insured in May 1947. Findings of Fact The stipulated facts are found accordingly. Petitioner Bourne Bean filed his income tax return for 1947 with the collector of internal revenue for the district of Massachusetts. Petitioners Richard M. Bean and Audrey A. Bean, husband and wife, filed their joint income tax return for 1947 with the collector of internal revenue for the district of Kentucky, at Louisville. Petitioner Alice B. Helmholz filed her income tax return for 1947 with the collector of internal revenue for the district of Missouri, at St. Louis. Richard Bean, Sr., hereinafter referred to as the decedent, was the father of the petitioners herein. For several years prior to December 19, 1946, he owned and carried life insurance in the face value of $60,000. The dates the policies were issued, the serial numbers, the names of the insurors, the principal amounts, and the designated beneficiaries are as follows: Date of
Serial
Principal
Policy
Number
Insuror
Amount
Beneficiary
7/ 1/28
1,076,882
Sun Life Assurance Co. of Canada
$ 5,000
Alice B. Helmholz
7/ 2/28
1,358,464
Mutual Benefit Life Ins. Co.
5,000
Alice B.Helmholz
4/30/29
1,395,538
Mutual Benefit Life Ins. Co.
10,000
Richardbean, Jr.
11/ 3/36
603,506
Equitable Life Ins. Co. of Iowa
10,000
Robert Bean
4/30/29
2,162,133
Northwestern Mutual Life Ins. Co.
10,000
Bourne Bean
7/ 9/34
9,508,274
Equitable Life Assurance Society
5,000
Robert Bean
7/26/34
9,520,558
Equitable Life Assurance Society
5,000
AliceB. Helmholz
7/26/34
9,520,559
Equitable Life Assurance Society
5,000
Richard Bean, Jr.
7/ 9/34
9,697,658
Equitable Life Assurance Society
5,000
Bourne Bean
*146 Each of the above policies contained the usual and customary provisions for assignment or a change in designation of the beneficiary. On December 19, 1946, the decedent assigned and transferred all his right, title, and interest in his insurance policies to his children for and in consideration of the total sum of $24,217.65, which represented the cash surrender value of the policies as of December 19, 1946. In his individual income tax return for the calendar year 1946 the decedent reported a gain from the sale of the life insurance policies as follows: Aggregate cash surrender value $24,217.65
Premiums paid by Richard Bean, Sr. 16,452.75
Gain recognized $ 7,764.90
Gain taken into account per section
117(b), I.R.C. $ 3,882.45 On May 15, 1947, Richard Bean, Sr., died at Louisville, Kentucky. The names of the petitioners, the policy numbers, the names of the insurors, the amounts of the proceeds paid upon the death of Richard Bean, Sr., on May 15, 1947, and the cash surrender value on December 19, 1946, plus subsequent premiums paid by petitioners, are as follows: Policy No.
Insurance Company
Proceeds
Cost [1]
Bourne Bean, Docket No. 50631
2,162,133
Northwestern Mutual Life Ins. Co.
$10,157.00
$4,556.10
9,697,658
Equitable Life Assurance Society
5,060.25
1,823.10
$15,217.25
$6,379.20
Richard M. Bean and Audrey A. Bean, Docket No. 56632
1,395,538
Mutual Benefit Life Ins. Co.
$10,085.90
$4,948.80
9,520,559
Equitable Life Ins. Co.
5,056.95
1,818.97
$15,142.85
$6,767.77
Alice B. Helmholz, Docket No. 50690
1,358,464
Mutual Benefit, New Jersey
$ 5,041.20
$2,352.55
9,250,458
Equitable Life Ins. Co.
5,056.95
1,818.97
1,076,882
Sun Life Ins. Co.
5,000.00
2,235.90
$15,098.15
$6,407.42
*147 The executor of the estate of Richard Bean, Sr., agreed to the inclusion of the net additional amount of $897.40 in the decedent's gross estate, and the estate paid an additional federal estate tax as a result thereof. Petitioners reported no part of the insurance proceeds received by them as taxable income in their respective federal income tax returns for the calendar year 1947. Respondent determined that the amounts received by petitioners during the year 1947 as proceeds of insurance contracts on the life of their father, the decedent, which were transferred for a valuable consideration, constituted taxable income to the extent the proceeds exceeded the cost of the insurance contracts. The life insurance policies assigned by Richard Bean, Sr., on December 19, 1946, were transferred to petitioners for a valuable consideration. Opinion LEMIRE, Judge: The question presented *148 is whether the proceeds of certain life insurance policies received by petitioners upon the death of their father, the insured, are taxable as income to petitioners to the extent that such proceeds exceeded the consideration paid for the assignment of the policies, plus premiums paid thereafter and until the death of the insured in May 1947. Both respondent and petitioners rely on section 22(b), Internal Revenue Code of 1939. [2] Respondent determined that the insurance policies in question were assigned for a valuable consideration and taxed the net proceeds as income to the petitioners under section 22(b)(2)(A). The petitioners argue that they are exempt from income tax on the proceeds of the insurance policies under section 22(b)(3). The argument is predicated solely on the fact that a portion of the insurance proceeds was included in the estate of the insured as transfers made in contemplation of death. The record shows that the insurance proceeds in question were not returned as subject to estate tax but were later included by the revenue agent in auditing the return, and his action was concurred in by the executors. *149 The question whether a transfer is made in contemplation of death presents a question of fact. Garrett's Estate v. Commissioner, 180 Fed. (2d) 955. A determination of this fact has not been adjudicated by any court in any proceeding involving these petitioners. No estoppel by judgment or in pais has been pleaded, and in our opinion no doctrine of estoppel is available under the facts presented. It is elemental that the respondent is not estopped by his prior determinations of fact in a proceeding involving another type of tax. Burnet v. Porter, 283 U.S. 230; Tonningsen v. Commissioner, 61 Fed. (2d) 199. There is no evidence here upon which we could make any determination as to whether or not the transfers were made in contemplation of death, even if such issue were before us. The respondent has determined in these proceedings that the transfers were for a valuable consideration and that the amount of insurance proceeds received by the respective petitioners is taxable income to the extent provided in section 22(b)(2)(A) of the 1939 Code. The burden is upon the petitioners to show error in such determination. This, we think, they have not *150 done. The record shows that the petitioners paid the insured the sum of $24,217.65, the aggregate cash surrender value of all the policies at the time of the transfers. We have held that such a payment constitutes a valuable consideration. Alcy Sivyer Hacker, 36 B.T.A. 659, 660. The respondent's determination as to each petitioner is sustained. Decisions will be entered for the respondent. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Richard M. Bean and Audrey A. Bean, Docket No. 50632; and Alice B. Helmholz, Docket No. 50690.↩
1. Cost here includes the amount of cash surrender value of each policy on December 19, 1946, plus any premiums paid by petitioners subsequent to the transfer and assignment on December 19, 1946. It does not include any premiums that petitioners may have paid prior to the transfer and assignment.↩
2. SEC. 22. GROSS INCOME. * * *
(b) Excluded from Gross Income. - The following items shall not be included in gross income and shall be exempt from taxation under this chapter: * * *
(2) Annuities, etc. - (A) In general. - * * * In the case of a transfer for a valuable consideration, by assignment or otherwise, of a life insurance, endowment, or annuity contract, or any interest therein, only the actual value of such consideration and the amount of the premiums and other sums subsequently paid by the transferee shall be exempt from taxation under paragraph (1) or this paragraph. * * *
(3) Gifts, Bequests, Devises, and Inheritances. - The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. * * *↩