### McKEE et al. v. COLUMBUS MUTUAL LIFE INS. CO.

No. 24415.    March 26, 1935.

R. E. Stephenson, for plaintiffs in error.

Hughes & Ellinghausen, for defendant in error.

PER CURIAM. Plaintiff Loyd J. McKee was the insured in a policy issued by the defendant company May 8, 1912, in the sum of $1,000 and plaintiff Lucy McKee was beneficiary. A copy of the contract of insurance is attached to the petition. Plaintiffs plead that the following language in the policy, to wit:

"In consideration of twenty-eight and 78/100 dollars, receipt of which is hereby acknowledged, and the payment of a like amount upon each eighth day of May, hereafter **until twenty full years premiums have been paid**, or **until the prior death of the insured**,

"Promises to pay upon receipt at the home office of the company in Columbus, Ohio, of due proof of the death of Loyd J. McKee of Coshocton county of Coshocton, state of Ohio, herein called the insured to Lucy McKee (wife) beneficiary, with right to revocation, one thousand dollars."

—raises a double condition under which the $1,000 provided for in the face of the policy shall become payable, to wit: First, in the event of the death of the plaintiff Loyd J. McKee; and second, in the event Loyd J. McKee has paid 20 years' premiums. The contention, in effect, is that the policy is not only a life insurance policy, with premiums limited to 20 years, to be paid to the beneficiary on the death of the insured, but is likewise what is known as an endowment policy, payable, as to the face amount, to the insured after he has paid 20 years' premiums. There is a further allegation in the petition to the effect that before the policy was issued one S. E. Wise, the agent of the defendant, presented a copy of the contract to the insured, such copy being alleged to be exactly like the contract entered into; that he read the contract to the insured and stated to the insured that the meaning of the language of the contract, as above quoted, was that the payment of the $1,000

was made to depend upon either of the two conditions contended for, to wit: (a) Upon the payment of 20 premiums of $28.70 a year each; or (b) death of the insured prior to the completion of the payment of the 20 premiums.

Defendant moved to strike out this portion of the petition as irrelevant and immaterial, and the trial court sustained this motion. In this we think the trial court was correct. No case of fraud in procurement of the policy was alleged. There is merely an allegation to the effect that before the policy was purchased by plaintiff McKee, the agent exhibited to him an exact copy of the contract; read it to him; and stated that his construction would be the policy would provide for payment in the two manners named. The contract speaks for itself. It is in writing and oral testimony of statements antedating the execution of the contract, or statements attempting to construe the language of the written contract, are inadmissible, if, as we hold, the written contract itself is unambiguous. See section 9502, O. S. 1931; 22 C. J. p. 1182; Nachtsheim v. Bartle, 131 Okla. 166, 268 P. 195; Leasure v. Hughes, 72 Okla. 75, 178 P. 696; Allen v. Terrell, 126 Okla. 251, 259 P. 268; Liverpool, London & Globe Insurance Co. v. T. M. Richardson Lumber Co., 11 Okla. 585, 69 P. 938; New York Life Insurance Co. v. McMaster, 87 F. 63; Union Mutual Life Insurance Co. v. Mowry, 96 U. S. 544, 24 L. Ed. 674.

The allegation in question had no place in the petition and was properly stricken by the court on motion of defendant.

The defendant then demurred to the petition on the ground that it failed to state a cause of action, and the court sustained its demurrer. Plaintiffs elected to stand upon their petition; final judgment was rendered against them, and they have prosecuted this appeal from that judgment. We find no ambiguity in the language of the policy sued upon, and we do not find any provision in the policy justifying the contention in the petition that the policy provides, after payment of 20 years' premiums, that the face amount thereof shall be paid to the insured if then living. The policy is simply a customary "20-payment limited life insurance policy," in which the consideration that the premiums which must be paid by the insured are limited to a specific amount for 20 years, or sooner on death of insured; but the specific language of the promise on the part of the company to pay is based upon the death of the insured,

either before or after the payment of 20 years' premiums. The insured has not died, but is one of the plaintiffs in this action. He has paid for 20 years for a life insurance contract at the premiums charged for such contracts, and now seeks to contend that that contract is an endowment policy.

The considerations expressed in the contract to be paid by the insured are the payment of $28.75 per year for a full 20 years, provided, that, if the insured died before the expiration of the 20 years, no further premiums need be paid. There are hundreds of millions of dollars of policies outstanding in Oklahoma containing similar provisions, and no claim has ever been made that this language converts the policy from a limited payment life policy to an endowment. As a matter of fact the average premium for a 20-payment endowment policy in old line companies is around $50 a year per $1,000, and to hold that all 20-year payment life insurance policies based upon a premium around $28 to $30 per year are endowment contracts at the end of 20 years, would bankrupt every insurance company in the country. The promise of the company on its contract is only to pay the beneficiary $1,000 on receipt of due proof of the death of the insured. In other words, the company promises to pay on death of the insured, providing the insured keeps up his premiums for the full 20 years, but further grants to the beneficiary a waiver of any further payments of premium if the insured dies within the 20 years.

The policy itself is headed "Limited Payment Life Participating Policy." One section of the policy dealing with the application or distribution of dividends provides that if "dividends and reserves," which is the amount paid for premiums and set aside to provide for the maturity of the policy, equal a certain amount, or if the insured desires to keep paying premiums after the expiration of the 20 years until such time as the "reserve and accumulated dividends" amount to not less than the principal sum of the policy, the policy shall mature as an "endowment." Thus, by the specified terms of the contract, the distinction between the contract as written and an endowment contract into which it may be converted by the performance of the conditions named therein. is clearly asserted. Furthermore, the policy contains a table of guarantees which disclose that at the end of the 20th year, the cash value of the policy, if the insured is then living and desires to surrender the policy, instead of carrying it until his death, is $419. Over a period of 20 years the in-

sured has only paid $575.60 in premiums. He has received his insurance during those 20 years, and if the company is to be required to pay him back $1,000 at the expiration of 20 years, manifestly the company could not survive.

"Where the insurance is on a level or flat rate plan, that is, where for a fixed premium, payable without condition at stated intervals, a sum certain is to be paid upon death, without condition, it is known as 'general insurance'." See 37 C. J. 361.

The distinction between this and what is termed endowment insurance is set out in 37 C. J. 362, and cases cited in the notes:

"Endowment insurance is a contract to pay a certain sum to insured if he lives a certain length of time, or, if he dies before that time, to some other person indicated."

So far as concerns the contract to pay if he lives a certain length of time, this is not life insurance, but a mere investment feature which is often added to life insurance policies upon the payment of a higher premium than is required for ordinary or limited payment life insurance. However, where such contract is made, the agreement to pay is definitely expressed in the policy. Here the only covenant upon the part of the company is to pay upon proof of death of the insured. There is no wizardry about the use of the word "or" in the clause. It does provide for two conditions, but these are conditions to be performed by the insured; that is, if living he must pay premiums for 20 years, but premiums need only be paid until he dies if he dies within the 20 years; but there is only one condition to be performed by the insurer, and there is no room for construction of the language of the policy in this respect.

No precedents are cited by plaintiffs, and we hazard the opinion that none can be found upholding their contention, upon a policy of the character here involved. It follows, therefore, that the trial court should have sustained the demurrer to the petition and dismissed the action, and its judgment in this respect is affirmed. Of course, the result of this case does not in any way prejudice the rights of the plaintiffs to the benefits of the policy as prescribed therein, such as a surrender of the policy for the cash value named therein, or the receipt by the beneficiary of the face of the policy upon the death of the insured.

Affirmed.

The Supreme Court acknowledges the aid of Attorneys M. K. Cruce, Harris L. Danner, and R. L. Disney in the preparation of this

opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cruce and approved by Mr. Danner and Mr. Disney, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.