## BANKERS LIFE & LOAN ASS'N v. CHASE.

### No. 4849.

Court of Civil Appeals of Texas. Amarillo. Jan. 31, 1938.

Rehearing Denied March 7, 1938.

Bradley & Wilson, of Lubbock, and J. Frank Wilson, of Dallas, for appellant.

Vickers & Campbell, of Lubbock, for appellee.

JACKSON, Chief Justice.

The record discloses that the appellant, Bankers Life & Loan Association is a statewide mutual assessment life insurance as-

sociation, incorporated under article 4859f of Vernon's Annotated Texas Civil Statutes, and has no capital stock or surplus, pays no dividends, and does not operate for profit.

On October 10, 1934, the appellant issued to Cyntha E. Williamson policy No. FR–E–2393, by which it agreed, subject to the provisions thereof, to pay on the death of the insured the sum of $500 to her daughter, Della Chase, the appellee.

In the application made by the insured, she agreed that the contract between her and the association was entirely in writing, and the application, the policy, the constitution, and by-laws constituted the insurance contract.

The policy issued provided that: "This policy, together with the application for membership, copy of which is attached hereto and made a part hereof, and every application for reinstatement thereof, the Constitution and By-Laws and all amendments thereto, and the proofs of death, shall be and constitute the entire contract between the Association and the insured."

On June 10, 1936, Mrs. Cyntha E. Williamson, the insured, died in Lubbock, Tex. Proof of death was made to the appellant, payment on the policy refused, and, on a petition properly alleging a cause of action on the insurance contract, appellee instituted this suit in the county court of Lubbock county to recover the sum of $500, evidenced in the face of the policy.

The appellant answered by general denial, alleged the policy had lapsed for nonpayment of premium, and, while it had been reinstated, asserted that, due to certain stipulations in the insurance contract, liability to appellee was limited to the sum of $6.90, the premiums paid after reinstatement. It tendered to appellee this amount before suit, and also tendered into court said sum in discharge of its obligations on the insurance contract.

At the time this policy was issued, the by-laws of appellant provided: "If the death of the insured should occur within forty-five days from date of issue of the certificate, or from date of any reinstatement thereof, then the beneficiary or beneficiaries shall be entitled to receive the actual amount of premiums or assessments paid to the Association, and no more."

Thereafter, this article of the constitution and by-laws was amended to provide that: "The policy being issued without med-

ical examination, it is provided and agreed that if death occurs, from any cause, within ninety days from date of issue or within ninety days from date of any reinstatement, after lapse, the liability of the Association shall be limited to the amount of premiums paid after date of issue, or after date of reinstatement."

Under this stipulation and the testimony, appellant contends that the insurance contract had lapsed, had been reinstated; that the assured died before the expiration of ninety days from the reinstatement of the policy; and that the recovery of appellee of $515, the face of the policy and interest, was not authorized by the testimony, but should have been limited to the premiums paid after reinstatement, which was $6.90.

■ Appellee contends that the limitation in the by-laws is without effect since not in the policy; that if a part of the insurance contract, it constitutes a limitation prohibited by law; and that the finding of the court that the policy had not lapsed was amply sustained by the testimony.

Section 10 of article 4859f stipulates: "All policies issued by a corporation under this Act shall provide that said policy is subject to the by-laws of the corporation and all future amendments thereto."

The policy is in compliance with this section, and it is apparently settled that the insurance contract in this case between the insurer and the insured consisted of the application for insurance, the policy issued thereon, the constitution and by-laws, and the application for reinstatement. Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S.W. 438; Hemphill County Home Protective Ass'n et al. v. Richardson, Tex. Civ.App., 264 S.W. 294, writ refused; Parrott v. Brotherhood of Railroad Trainmen, Tex.Civ.App., 85 S.W.2d 306, writ refused.

■ Appellant was authorized to incorporate by article 4859f, under which it was operating; and section 19 thereof provides that: "Except as herein expressly provided, no insurance law of this State shall apply to any corporation operating under this Act, and no law hereinafter enacted shall apply to them unless they be expressly designated therein."

Obviously, appellant was exempted by this provision from limitation in the general corporation laws, and subject to no limitation not contained in article 4859f. 24 Tex.Jur. page 1306, par. 429

■ Section 11 of said article contains this provision: "No corporation hereunder shall issue any certificate or policy upon a limited payment plan, nor guarantee or promise to pay any type of endowment or annuity benefits, but shall confine its operation to the issuance of certificates looking to continuous payment premiums or assessments during the life time of the policy-holder."

The limitation contained in this section, we think, is a limitation on the time and method of payment rather than on the amount the insurer must pay under the policy; a restriction confining it to the issuance of certificate of ordinary insurance.

37 C.J. page 362, par. 6, is as follows: "Endowment insurance is a contract to pay a certain sum to insured if he lives a certain length of time, or, if he dies before that time, to some other person indicated. * * *"

"Annuity insurance is a contract to pay the insured or the beneficiary a sum for a certain period or during life." Couch, Cyclopedia of Insurance Law, Vol. 1, page 38, par. 25.

A policy upon a limited payment plan, as we understand, is a paid-up policy, and insurance upon which no further premium is to be paid. 37 C.J. page 364, par. 11.

■ The stipulation in the insurance contract, to the effect that if the insured died within ninety days after reinstatement the insurer's liability should be limited to the premium paid, is apparently valid. In Burchfield v. Home Benefit Ass'n, Tex.Civ. App., 73 S.W.2d 559, 561, writ refused, the court said: "Clearly parties have a right to provide that there shall be no liability after reinstatement until a certain date or the happening of a particular event, or until the lapse of certain time after such date or event, and in such case there is no liability in the event of death prior to the date, or the happening of the event, so stipulated."

See, also, Texas Prudential Insurance Co. v. Wiley, Tex.Civ.App., 80 S.W.2d 1024, and authorities.

■ This brings us to a consideration of the sufficiency of the evidence to support the judgment of the court.

The assistant secretary and claim adjuster of appellant testified that he did not keep the records of the company, but that its books showed that the premium for April, 1936, was not paid; the policy lapsed, and on the application of the insured, dated

May 7, 1936, was reinstated, after which but two premiums were paid, the aggregate of which was $6.90.

The appellant also introduced in evidence what is designated as a "Health Certificate and Application for Reinstatement," which is in part as follows: "Having allowed my Policy No. FR–E–2393 in the Bankers Life and Loan Association of Dallas, Texas, to lapse for non-payment of premium due April 10, 1936, in the amount of $3.45, I hereby make application for reinstatement and revival of said Policy, subject to all of its provisions, riders and amendments attached hereto, if any, and as a further basis for reinstatement of said policy, I hereby tender payment of premiums, as required, and reaffirm the truthfulness of all statements and answers to questions set forth in my original application. It is also hereby agreed that any settlement tendered in connection with the reinstatement of this Policy may be deposited by the Company, in order to facilitate action on this application for re-instatement. If this application is not approved, I hereby agree to accept the return of any settlement tendered or sums paid in connection with this application, without interest, which shall discharge the Company from all liability. * * *"

This instrument was dated May 7, 1936, and was admittedly signed by Cyntha E. Williamson. The appellee testified: "I sent the application for reinstatement to the defendant. It is my contention that the policy had not lapsed, and that all premiums had been paid, but we sent the application for reinstatement of the policy offered in evidence dated May 7, 1936 * * * and a remittance * * * to pay for reinstatement."

In reply to the application for reinstatement on May 25, 1936, the company advised appellee in a letter as follows: "We are this date reinstating the Policy FR–E–2393 issued on the life of Cyntha E. Williamson on the strength that the statements made in the application for reinstatement are true and correct in every respect."

She further testified that after she had furnished the proof of death the appellant in a letter dated September 24, 1936, inclosed her a draft for $6.90, for two premiums which she kept, but while on the stand tendered it to appellant.

Under the insurance contract, the reinstatement of a lapsed policy was not compulsory, but was within the discretion of the appellant. The record discloses that the monthly premium on the insurance contract involved was payable on the 10th of each month, and, if not paid within fifteen days thereafter, the policy lapsed by its own provisions. The application for reinstatement dated May 7, 1936, contains the written admission of the insured that the policy had lapsed for nonpayment of premium due April 10, 1936. The insurance was reinstated on May 25, 1936, and the insured died June 16th thereafter, fewer than ninety days after the reinstatement of the policy if it had lapsed.

The appellee testified that all premiums were paid up to the time of her mother's death on June 16, 1936, and were paid as they accrued monthly, and especially, "Did we pay the April and May, 1936, monthly premiums to the Company" in time to prevent a lapse of the policy. She does not state whether the payment was made to an agent, to the home office, paid in cash, by check, or in what manner the payment was made. This testimony of appellee is the only evidence we find in the record upon which the judgment of the trial court could be based.

In 17 Tex.Jur. page 581, it is stated: "Voluntary written admissions made by a party during the progress of the transaction in controversy will prevail over his testimony to the contrary at the trial."

True, appellee did not sign the application for reinstatement, but she was the party at interest and sent the application with a remittance to obtain the reinstatement of the policy.

In 23 C.J. page 39, par. 1782, the writer says: "Oral testimony depending upon the memory of witnesses is not as reliable as written or documentary evidence, and a party seeking to establish a fact in opposition to written evidence must make out his case with more than usual clearness."

In Duke v. Walker et al., Tex.Civ.App., 17 S.W.2d 93, 95, in speaking of the weight to be given to oral and written testimony, Judge McClendon, for the Austin court, says: "The recitation in the Richards' deed was a clear and unequivocal recognition of title by John Duke and his wife in George Duke; and in the absence of some explanation, which does not appear in the record, its effect from a probative standpoint might very properly be regarded as effectively destroying the testimony of John Duke in contradiction of it."

To the same effect is the holding of Chief Justice Smith of the San Antonio Court in Rincon Inv. Co. et al. v. White et al., Tex. Civ.App., 99 S.W.2d 390.

It is the duty of this court to set aside a judgment of the trial court when the evidence so greatly preponderates against such judgment that a new trial should be granted in the interest of justice.

In Logue v. Southern Kansas Ry. Co., 106 Tex. 445, 448, 167 S.W. 805, 806, the Supreme Court states the law as follows: "The rule is that the Court of Civil Appeals may reverse a judgment on the weight of the testimony, but that court cannot render judgment if the evidence, when considered in the light most favorable to the party in whose favor the judgment is rendered, would sustain the judgment of the trial court." /

The judgment is reversed, and the cause remanded.