### BLUM v. HIGGINS, Collector of Internal Revenue.

### No. 346.

Circuit Court of Appeals, Second Circuit.

June 20, 1945.

Proskauer, Rose, Goetz & Mendelsohn, of New York City (Norman S. Goetz and Wilbur H. Friedman, both of New York City, and Gerald Silbert, of Brooklyn, N. Y., of counsel), for plaintiff.

John F. X. McGohey, of New York City (Stanley H. Lowell, of New York City, of counsel), for defendant.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges

FRANK, Circuit Judge.

1. Since the taxpayer did not receive any of the proceeds of the insurance policy in 1936 and since he was on a cash basis, he realized no taxable gain on the policies in that year unless the doctrine of constructive receipt is applicable. The taxpayer is considered in constructive receipt of income if it is available to him "without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is made." Treas. Reg. 94, Art. 42-2.

2. The taxpayer contends that the constructive receipt doctrine is inapplicable here because the taxpayer would have had to surrender valuable rights in order to obtain the proceeds of the policies in 1936. We do not agree. The taxpayer's rights, after electing Option A, were to leave the moneys on deposit with the company at three per cent interest during the taxpayer's lifetime, and he could withdraw the principal on any interest day—once a month. We think this does not differ from a sum of cash. True, the insurance company did maintain the practice of permitting an insured who had elected one option to change to another. And if the policy had given such a right, we should probably say that the insured had not constructively received the proceeds of the policy, for this right to change the options B and C would have presented a valuable legal privilege which would have to be surrendered if cash were chosen instead of Option A. But that possibility of conversion from one option to another is not part of the insurance contract; it is not even a revocable offer on the part of the company. At any time, even after the insured had requested a change from one settlement form to another, the insurance company could refuse to permit the change. It would seem there-

fore that the taxpayer would be called upon to surrender no legal right or privilege in order to take cash instead of Option A.

3. The taxpayer argues that our decision in Commissioner of Internal Revenue v. Pierce, 2 Cir., 146 F.2d 388, dictates a contrary result. We think that decision not pertinent. We are not here deciding that the taxpayer received the proceeds of the policy constructively and purchased Option A therewith. We are holding that, after having chosen Option A, the taxpayer is in a position where he had the equivalent of a sum of available cash.

4. The taxpayer also contends that the difference between the amount received under the policy and the premiums paid should be taxable as capital gains rather than ordinary income. The statute seems clearly to indicate that the difference is taxable as ordinary income, and the Third and Ninth Circuits have so held. Bodine v. Commissioner of Internal Revenue, 3 Cir., 103 F.2d 982, 987; Avery v. Commissioner of Internal Revenue, 9 Cir., 111 F.2d 19, 23.

Affirmed.