## IGLEHEART v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9729.

United States Court of Appeals
Seventh Circuit.
May 26, 1949.

John E. McClure and David W. Richmond, Washington, D. C., for petitioner.

Theron L. Caudle, Assistant Attorney General, Ellis N. Slack, Harry Baum, and Harry Marselli, Special Assistants to the Attorney General, for respondent.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

DUFFY, Circuit Judge.

Prior to the taxable year 1941 taxpayer had purchased nine insurance contracts from three insurance companies, each providing for the payment of a fixed principal sum to the taxpayer upon his surrender of the contract (or to designated beneficiaries upon his death) and for annual payments to him in the interim. Each contract was issued in consideration of a single premium. A medical examination was not a prerequisite for any of the contracts. The premiums paid by taxpayer were not computed with reference to his age or tables of mortality, but in each contract the premium was equal to the principal sum of the contract plus an additional 5%, except for two contracts for which he paid an additional 6%. The premium for each contract was the same as charged any applicant for a similar policy regardless of age and sex.

Except for a small percentage charge, the principal sum of each contract corresponds with the single premium paid therefor. Upon surrender of the contract at any time, the principal sum thereof is payable to taxpayer. No matter how many annual payments he may have received, he is still entitled, on demand, to have the principal sum returned to him intact.

The question presented for determination is whether the annual payments received by taxpayer in 1941 under said insurance contracts constituted interest on an invested fund taxable in full under Sec. 22(a), Internal Revenue Code, as the Commissioner had ruled, which ruling the Tax Court upheld, or amounts received as an annuity within the meaning of Sec. 22(b) (2), Internal Revenue Code, taxable only to the extent provided in that section, as taxpayer contends. 26 U.S.C.A. § 22(a), (b) . (2).

Sec. 22(a) broadly defines gross income as including "interest * * * and income derived from any source whatever." Sec. 22(b) (2) provides:

"* * * Amounts received as an annuity under an annuity or endowment contract shall be included in gross income; except that there shall be excluded from gross income the excess of the amount received in the taxable year over an amount equal to 3 per centum of the aggregate premiums or consideration paid for such annuity (whether or not paid during such year), until the aggregate amount excluded from gross income under this chapter or prior income tax laws in respect of such annuity equals the aggregate premiums or consideration paid for such annuity. * * *"

 Whether the payments to taxpayer are labeled "annuity payments" is not determinative of whether they qualify as such under Code Sec. 22(b) (2). We think that these payments, which did not include any return of taxpayer's capital, do not so qualify. We hold that such payments were in fact nothing more than interest or earnings upon an invested fund. To hold otherwise would necessitate disregarding not only the plain construction of the section and its legislative history, but also the firmly accepted notion that an annuity has as its basic function the

systematic liquidation of the principal. Huebner, Life Insurance, pages 154-155.

The legislative history of Code Sec. 22 (b) (2) discloses it was framed solely with reference to periodic payments which partly include a return of capital. The preliminary report of a sub-committee of the Committee on Ways and Means (73rd Cong., 2d Sess.), which recommended changes in the 1932 Act, stated (Part II, p. 13):

"Sec. 22(b) (2) of the Revenue Act of 1932 provides for taxing annuities, but not until the total amounts received exceed the total amount paid for the annuity.

"Your subcommittee is of the opinion that the tax on annuity receipts to the extent that they represent income should not be postponed as permitted by the present law. Such receipts are, as a matter of fact, part interest and part return of capital. Therefore, it is recommended that some amount representing the portion of the annuity receipts consisting of interest be made subject to the income tax. In order to facilitate administration, it is recommended that an arbitrary rule be adopted that 3 percent of the amount paid for the annuity shall be deemed to be interest. This rule is applied only to annuity contracts."

The Ways and Means Committee report on the bill which became the Revenue Act of 1934 (H. Rep. No. 704, 73rd Cong. 2d Sess., p. 21) stated:

"The present law does not tax annuities arising under contracts until the annuitant has received an aggregate amount of payments equal to the total amount paid for the annuity. Payments to annuitant are in fact based upon mortality tables which purport to reflect a rate of return sufficient to enable the annuitant to recover his cost and in addition thereto a low rate of return on his investment. The change continues the policy of permitting the annuitant to recoup his original cost tax-free but requires him to include in his gross income a portion of the annual payments in an amount equal to 3 percent of the cost of the annuity. While the percent used is arbitrary, it approximates the rate of return in the average annuity."

Apart from the legislative history of the section, a proper construction thereof

shows it has reference only to periodic payments which represent a combined return of capital and interest and has no applicability to those payments which represent only interest or earnings on an invested fund. The section permits the annual exclusion from gross income of such part of "annuity" payments as exceeds 3% of the consideration "until the aggregate amount excluded * * * equals the aggregate premiums or consideration paid for such annuity." Periodic payments which do not include a return of capital do not qualify as annuity payments within the meaning of Sec. 22(b) (2).

Taxpayer relies on Commissioner of Internal Revenue v. Meyer, 6 Cir., 139 F.2d 256, and Bodine v. Commissioner, 3 Cir., 103 F.2d 982. We think the Meyer case is distinguishable although the opinion does contain language which gives some support to the taxpayer's contention. In that case two contracts of insurance had been purchased simultaneously from the same company. The court held they were separate in fact as well as in form. The court pointed out that the sum paid to the insured was far in excess of the return ordinarily earned on the investments of insurance companies, and said, 139 F.2d page 259:

"* * * some part of the sums received by respondent was a return to him of his original investment. This characteristic distinguishes an annuity contract from an interest contract."

Also:

"* * * In the case of interest in its usual acceptation, there is always a principal which remains intact * * *."

In the case at bar the principal sum remained intact, and the sums received by the taxpayer represented a percentage return less than is ordinarily earned on investments of insurance companies.

The Bodine case was decided before the 1934 amendment which made significant changes in Sec. 22(b) (2), by placing amounts received under "life insurance" and "annuity" contracts in different categories, and by eliminating the prior exemption of interest received under the designation of annuity payments. The 1932 act made no distinction between a return of capital and interest or between life insurance and annuity contracts, but merely taxed the excess of the total amounts received over the total cost of the contract. In the Bodine case the court had no occasion to consider whether the annual payments represented a return of capital or of interest.

We hold that the phrase, "amounts received as an annuity," as now used in Code Sec. 22(b) (2), has reference only to periodic payments which represent a combined return of capital and interest. The formula adopted was never intended to exempt payments which in their entirety represent interest and do not deplete the principal sum invested.

The decision of the Tax Court is affirmed.