Clarence B. JONES and Nancy Brown Jones, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 11316.

United States Court of Appeals Seventh Circuit.

June 1, 1955.

Middleton Miller, Robert H. Kinderman, Chicago, Ill., Sidley, Austin, Burgess & Smith, Chicago, Ill., of counsel, for petitioners.

H. Brian Holland, Asst. Atty. Gen., Karl Schmeidler, Attorney, Tax Division, U. S. Department of Justice, Washington, D. C., Ellis N. Slack, Hilbert P. Zarky, Sp. Assts. to Atty. Gen., for respondent.

Before DUFFY, Chief Judge, and MAJOR and FINNEGAN, Circuit Judges.

DUFFY, Chief Judge.

This is a petition for a review of a decision of the Tax Court reported in 22 T.C. 407. Petitioners, husband and wife, filed timely joint income tax returns for the years ending December 31, 1947 and December 31, 1948. Since the contested issue relates only to Clarence B. Jones, he will hereinafter be referred to as the petitioner.

Petitioner's father, Walter C. Jones, died on March 28, 1928. He was the insured in a life insurance policy theretofore issued by Aetna Life Insurance Company. Petitioner was the designated beneficiary. The settlement provision elected by insured provided for payment of the policy proceeds of $15,000 to petitioner in 180 monthly installments, without any right of petitioner to commute the installment payments.

Commencing April 9, 1928, Aetna paid to petitioner monthly installments of $106.80. In January, 1933, petitioner inquired whether Aetna would be willing to reduce the amount of the monthly installment payments and continue such payments during his lifetime rather than for the balance of the 180-month period. Aetna agreed to reduce the monthly payments from $106.80 to $44.98, such reduced payments to commence February 10, 1933. Aetna agreed to pay such reduced payments for ten years certain and thereafter for the period of petitioner's life. For the convenience of Aetna, a supplementary contract was issued.

Aetna paid the reduced installments totaling $539.76 per year during 1947 and 1948, but petitioner did not include said sums in his income tax return. The Commissioner determined deficiencies claiming such sums were annuities. The question here at issue is whether the monthly payments received by petitioner in 1947 and 1948 were exempt from taxation pursuant to § 22(b) (1) of the Internal Revenue Code, 26 U.S.C.A. § 22(b) (1) as amounts received under a life insurance contract paid by reason of the death of the insured, or whether they were taxable under § 22(b) (2) as amounts received as an annuity under an annuity policy purchased by the taxpayer. The Tax Court sustained the determination of the Commissioner that the sums thus received by petitioner were taxable as annuity payments.

Section 22(b) (1) Internal Revenue Code specifically excludes from gross in-

come "Amounts received under a life insurance contract, paid by reason of the death of the insured; * * * whether in a single sum or otherwise * * *." The Commissioner concedes that if taxpayer continued to receive the monthly payments of $106.80 for the balance of the 180 months such payments would have been exempt from income tax, but the Commissioner insists that the smaller monthly payments of $44.98 extended over a longer period are taxable as annuity payments.

Installments paid to a beneficiary pursuant to an option exercised by the insured have been held exempt from income tax as payments made by reason of the death of the insured under section 22(b) (1) Internal Revenue Code. Allis v. La Budde, 7 Cir., 128 F.2d 838, 840; Kaufman v. United States, 4 Cir., 131 F.2d 854, 856; Commissioner of Internal Revenue v. Bartlett, 2 Cir., 113 F. 2d 766, 767.

It seems clear that whatever rights petitioner had against Aetna existed solely by reason of the death of his father. Under the terms of the insurance contract he had no right to receive any lump sum payment or the cash value of the death benefit. Acceleration of payment of the proceeds was prohibited by the policy but there was no ban upon the extension of the period of payment.

The Commissioner places strong reliance upon the form of the supplementary contract issued by Aetna. It was designated Annuity Contract A-7236. Aetna stated "For the sake of convenience, we handled the change by issuing our Annuity Contract A-7236; * * *" Also, "We agreed to make the smaller monthly payments for life effective after payment of the monthly installment due February 9, 1933 under the original settlement, and we handled the change by issuing our Annuity Contract A-7236. This could have been handled to effect the same result by merely endorsing the original policy No. N-434,855."

Under the terms of the original contract Aetna had the right to issue a supplementary policy. The wording of this policy and the form it was to take was entirely up to Aetna. It was beyond the power of either the insured or the beneficiary to insist that no supplementary contract be issued. Under the circumstances, to place heavy reliance on the fact that Aetna, for its own convenience, did issue the supplementary contract and designated the beneficiary as an "annuitant" is to exalt form over substance.

We think the amounts received by petitioner were received under a life insurance contract by reason of the death of petitioner's father. We hold that such payments received in the years 1947 and 1948 are within the category covered by § 22(b) (1) Internal Revenue Code.

Reversed.