PHIL L. ZIMMERMANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51338. Filed October 31, 1955.

*Bertram W. Tremayne, Jr., Esq.*, for the petitioner.
*Richard C. McLaughlin, Esq.*, for the respondent.

236

OPINION.

Bruce, *Judge:* Petitioner received a $3,000 payment from the Insurance Company in 1951 out of a fund comprised of the total surrender values of an endowment contract and an annuity contract and accumulated interest thereon. Interest on the fund in the amount of $2,955.03 had been credited to petitioner's account in that year. The parties are agreed that the payment was not taxable as an annuity under the second sentence of section 22 (b) (2) (A) of the Internal Revenue Code of 1939.[1] *George H. Thornley,* 2 T. C. 220, reversed on another issue (C. A. 3) 147 F. 2d 416. Petitioner contends, however, that the payment was exempt from taxation under the first sentence of section 22 (b) (2) (A). That sentence provides for the exclusion from gross income of "Amounts received * * * under a life insurance or endowment contract" until the total amounts received exceed the aggregate premiums or consideration paid. As is stated in *Burtha M. Fisher,* 12 T. C. 1028, 1037, affd. (C. A. 6) 181 F. 2d 1010, "It eliminates from the 'broad sweep' of section 22 (a) the amounts therein described." Respondent contends, on the other hand, that section 22 (b) (2) (A) does not apply and that the payment is

---

[1] SEC. 22. GROSS INCOME.

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

* * * * * * *

(2) ANNUITIES, ETC.

(A) In General.—Amounts received (other than amounts paid by reason of the death of the insured and interest payments on such amounts and other than amounts received as annuities) under a life insurance or endowment contract, but if such amounts (when added to amounts received before the taxable year under such contract) exceed the aggregate premiums or consideration paid (whether or not paid during the taxable year) then the excess shall be included in gross income. Amounts received as an annuity under an annuity or endowment contract shall be included in gross income; except that there shall be excluded from gross income the excess of the amount received in the taxable year over an amount equal to 3 per centum of the aggregate premiums or consideration paid for such annuity (whether or not paid during such year), until the aggregate amount excluded from gross income under this chapter or prior income tax laws in respect of such annuity equals the aggregate premiums or consideration paid for such annuity. * * *

taxable under section 22 (a) to the extent of the interest credited to petitioner's account, citing *J. Giltner Igleheart, Sr.*, 10 T. C. 766, affd. (C. A. 7) 174 F. 2d 605.

The question is whether the $3,000 was an amount received "under a life insurance or endowment contract" which, when added to amounts previously received under said contract, did not exceed the aggregate premiums or consideration paid. In our opinion no part of the $3,000 was received under a life insurance or endowment contract. In the first place policy No. 790720 was neither a life insurance nor an endowment contract, but was an annuity contract, *Burtha M. Fisher, George H. Thornley*, both *supra*. An amount, other than an annuity, received under an annuity contract does not fall within the provisions of section 22 (b) (2) (A), Internal Revenue Code of 1939.[2] Cf. *Burtha M. Fisher, supra.* In the second place while policy No. 669410 was a typical endowment contract,[3] the amount in question was not received under that contract.

The endowment contract policy was surrendered in September 1925, approximately 11 months after it was purchased, and at all times thereafter the cash surrender value, which exceeded the premium paid, was left on deposit with the Company at interest of not less than 3 per cent. Petitioner could withdraw the entire unpaid balance at any time. Until May 29, 1933, he elected to have only one dollar per year paid to him. On the latter date he entered into an agreement with the Company whereby the unpaid balance was combined with the unpaid balance on policy No. 790720 and the payments were increased to $337.36 per month. That agreement was revoked and another was entered into dated May 28, 1934, whereby the payments were reduced to $5 per annum payable to petitioner's wife. On May 31, 1938, the agreement of May 28, 1934, was amended to provide that all of the interest would be paid to petitioner. On May 15, 1940, the agreement was amended again to provide that $3,000 per annum, rather than all of the interest, would be paid to petitioner. Accordingly, $3,000 was paid to petitioner on May 28, 1940,[4] and on May 28 of each of the following years, including 1951.

Respondent argues that the endowment contract terminated when it was surrendered, citing C. J. S., Insurance, secs. 459, 460 (b). "To 'surrender' means to cancel or yield up" (*Well* v. *Vermont Life Insurance Co.*, 28 Ind. App. 620, 63 N. E. 578) ; and there may be consider-

---

[2] The exclusion from gross income and exemption from taxation of amounts received under an annuity contract until the aggregate premiums or consideration paid have been recovered was eliminated by the Revenue Act of 1934 which amended the predecessor of section 22 (b) (2) (A).

[3] *Carr* v. *Hamilton*, 129 U. S. 252, 253 ; *Silen* v. *Silen*, 44 Wash. 2d 884, 271 P. 2d 674, 676 (June 21, 1954) ; *Bankers' Life & Loan Association*, (Tex. Civ. App.) 114 S. W. 2d 374, 376 ; *Union Central Life Insurance Co. of Columbus, Ohio*, 171 Okla. 250, 42 P. 2d 831, 833 ; *State* v. *Federal Investment Co.*, 48 Minn. 110, 50 N. W. 1028.

[4] On May 28, 1940, petitioner also received, under the 1938 amendment, $3,600 representing the interest earned for the year ending on that date.

able merit in respondent's argument. Cf. *Burtha M. Fisher, supra; Constance C. Frackelton,* 46 B. T. A. 883; *Blum v. Higgins,* 57 F. Supp. 140, affd. (C. A. 2) 150 F. 2d 471. See also *Clarence B. Jones,* 22 T. C. 407, revd. (C. A. 7) 222 F. 2d 891; *Law v. Rothensies,* 57 F. Supp. 447, 450; *George H. Thornley, supra* (dissenting opinion). However, it is unnecessary to decide that question. The payment here involved was made pursuant to the second amendment to an agreement or contract executed in 1934 which bore no actual contractual relationship to the endowment contract. Regardless of the transaction which terminated the endowment contract, we think it is clear that it no longer existed at the time of the 1940 amendment to the 1934 agreement and that payments made pursuant to the 1934 agreement as amended were not amounts received under the endowment contract.

Cases involving section 22 (b) (1) cited by petitioner are not in point. In addition petitioner cites I. T. 4029, 1950–2 C. B. 17, revoking I. T. 3402, 1940–2 C. B. 57, and modifying I. T. 3202, 1938–2 C. B. 138, in accordance with the recommendations contained in G. C. M. 26595, 1950–2 C. B. 16. I. T. 4029 is also distinguishable; one reason being that it applies only to "periodical installments received for a fixed period of time." [5]

Since section 22 (b) is not applicable, the amount involved is includible in gross income if taxable under the "broad sweep" of section 22 (a). *Burtha M. Fisher; J. Giltner Igleheart, Sr.,* both *supra.* Essentially, petitioner had a fund on deposit with the Company earning interest of not less than 3 per cent. Under his contract he had "the right to withdraw the whole or any part of the funds" at any time and in fact withdrew $3,000 in 1951. As in the case of a savings deposit, the interest credited in the amount of $2,955.03 was taxable under section 22 (a) and was properly included in petitioner's gross income by respondent. *Wm. Fleming,* 24 T. C. 818.

*Decision will be entered for the respondent.*

---

[5] But cf. I. T. 3963, 1949–2 C. B. 36, which would tax the excess over the premiums paid at the time the policy matures or is surrendered even where the insured elects, on or after maturity or surrender, to receive the proceeds in periodical installments for a fixed period of time. See also Rev. Rul. 264, 1954–2 C. B. 57.