271 F.2d 856
 Alline E. CHAPIN and John E. Chapin, Executors of the Estate of Harrison L. Chapin, deceased; and Alline E. Chapin, individually, Plaintiffs-Appellants,
v.
George T. McGOWAN, District Director of Internal Revenue, Defendant-Appellee.
 No. 248.
 Docket 25207.
 United States Court of Appeals Second Circuit.
 Argued April 9, 1959.
 Decided November 27, 1959.
 
 Sidney R. Rubin, Rochester, N. Y., for plaintiffs-appellants.
 Charles K. Rice, Asst. Atty. Gen., Leo A. Jackson, Harry Baum, Joseph Kovner, Attys., Dept. of Justice, Washington, D. C., John O. Henderson, U. S. Atty., Buffalo, N. Y., Roderick M. Cunningham, Asst. U. S. Atty., W.D.N.Y., Rochester, N. Y., for defendant-appellee.
 Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1938 and 1939 Harrison L. Chapin purchased ten single premium ten-year endowment policies on the lives of his children and one son-in-law. These policies were purchased with funds obtained by a bank loan. Until 1942 Chapin deducted from his gross income on his income tax returns the annual interest paid on the borrowed funds. However, beginning with the year 1942 section 24(a) (6) of the 1939 Revenue Code, 26 U.S.C.A. § 24(a) (6), was in effect, and this section disallows deduction for interest paid on funds borrowed to purchase single premium life and endowment policies. Thus for the years 1942 through 1949 Chapin was permitted no deduction on his annual returns for interest paid annually to the bank. When the policies matured in 1948 and 1949 the Commissioner determined that the amount by which the proceeds then received exceeded the premiums paid in 1938 and 1939 constituted ordinary income.
 
 
 2
 The taxes determined by the Commissioner to be payable were paid. Shortly thereafter Chapin died, and the executors of his estate, joined by Mrs. Chapin as joint taxpayer in the years 1948 and 1949, have brought this action for a tax refund. Upon the above stipulated facts the district court dismissed the action. This appeal followed. Appellants make two contentions. First, they contend that the interest payments, inasmuch as these payments could not have been deducted annually, should be considered as part of the cost of the policies in determining Chapin's gain. Second, they contend that any gain, i. e., any difference between Chapin's payments and the policy proceeds, however computed, and whether including interest payments, should be treated as a long-term capital gain rather than as ordinary income. These contentions will be considered in that order.
 
 
 3
 Section 22(b) (2) (A) of the 1939 Code, 26 U.S.C.A. § 22(b) (2) (A), provides that the amount by which the proceeds received under a life insurance or endowment contract (other than amounts paid by reason of the death of the insured) exceed the "aggregate premiums or consideration paid" is to be included within gross income. Despite the ingenuity of the contentions appellant has presented to this court, we cannot escape the conclusion that (1) interest payments to a bank for funds borrowed to purchase an endowment policy are not part of the consideration paid for that policy under 22(b) (2) (A), and that (2) the express provisions of section 22(b) (2) (A) are not impliedly superseded by other sections of the Code. Hence we affirm the lower court action in disallowing the interest payments as part of the cost of the policies.
 
 
 4
 There remains the contention that the difference between the premiums and the proceeds constitutes long term capital gain rather than ordinary income. This contention was considered by the Ninth Circuit and rejected. Avery v. Commissioner, 9 Cir., 1940, 111 F.2d 19. The Avery case was followed by this court in Blum v. Higgins, 2 Cir., 1945, 150 F.2d 471, 474. We follow these cases.
 
 
 5
 Judgment affirmed.