## Inheritance Tax on Matured Endowment Policies

VINCENT X. YAKOWICZ, Deputy Attorney General, May 6, 1963.—You have requested our opinion with respect to the taxability of matured endowment policies upon the death of the insured.

Throughout our opinion we shall use such words as "insurance", "insurer" and "insured". This nomenclature is being used for descriptive convenience. The words are used generically and should not be interpreted in their technical sense.

The facts are as follows: Decedent-insured was the owner of a 15-year endowment contract which had matured. Under the terms of the contract, the insured had the rights at maturity to withdraw the entire sum held by the company. Several options were available to the insured upon the maturity of the policy and he elected to have the company retain the proceeds, thereafter receiving annual interest payments on said proceeds. Upon his death, interest payments are to continue to decedent's spouse. The spouse has no right of withdrawal and upon her death the principal sum is to be paid to the children of the insured.

The policy provides that changes of beneficiary designation, the right to assign, surrender or borrow upon and to exercise all privileges of ownership in the policy *"shall be vested only in the insured."*

The Act of March 28, 1929, P.L. 118, amending the Transfer Inheritance Tax Act of June 20, 1919, P.L. 521, 72 PS §2301, provides:

"The proceeds of policies of life insurance, payable otherwise than to the estate of the insured, and whether paid directly by the insurer to beneficiaries designated in the policies, or to a trustee designated therein, and held, managed, and distributed by such trustee to or for the benefit of such persons or classes of persons under such plan and in such estates as may have been prescribed by the insured under agreement with such trustee, shall not be included in imposing any tax under this section."

The Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, art. III, sec. 303, 72 PS §2485-303, provides:

"All proceeds of insurance on the life of the decedent, unless payable to the estate of the decedent, are exempt from inheritance tax. Proceeds payable to an inter vivos or testamentary trustee or other beneficiary designated in the decedent's will or in an inter vivos instrument of transfer are exempt from inheritance tax within the meaning of this section."

With respect to the subject matter of this opinion, the same result would obtain under either of the above cited acts.

It must be noted that the sections above provided exemptions from taxation and therefore must be strictly construed. The Statutory Construction Act of May 28, 1937, P.L. 1019, art. IV, sec. 58, 46 PS §558, provides, inter alia enactatum fuit:

"All provisions of a law of the classes hereafter enumerated shall be strictly construed: . . .

"(5) Provisions exempting persons and property from taxation;"

The vital determination is whether the proceeds of a matured endowment policy are "insurance" within the meaning of the act and consequently exempt from inheritance tax. We think this question must be answered in the negative.

In dealing with a closely related subject, to wit, taxability of the balance of an annuity passing to a beneficiary upon the annuitant's death, the Supreme Court held in Bayer's Estate, 345 Pa. 308, 314 (1942) :

". . . But if the parties to the annuity contract provide,' as in this case, that a specified total shall be paid in annual installments but if the annuitant die before receiving the total, the balance shall then pass to his beneficiary, there is a taxable transfer of property because the beneficiary's right does not vest until the annuitant's death and *the property transferred, not being the proceeds of policies of life insurance within clause (d), is not within the exemption. . . .*" (Italics supplied.)

In arriving at the conclusion that such an annuity is not within the insurance exemption, the court relied on the reasoning of Mr. Justice Stern in a case dealing with endowment contracts, which is the instant case. Mr. Justice Stern held in Industrial Life Insurance Company v. Hunt, 335 Pa. 305, 307 (1939):

"An endowment provision is not, strictly speaking, life insurance, although it is not uncommonly embodied in life insurance policies as an additional feature of the contract. Life insurance is an agreement to pay, to a person indicated, a certain sum upon the death of the insured; the endowment provision adds thereto a contract to pay to the insured himself a specified sum provided he lives to a certain age. Life insurance is for protection against the adversity of death; *endowment is based upon the contingency of survival, and is essentially a form of investment. . . .*" (Italics supplied.)

It is readily apparent that proceeds of a matured endowment contract and proceeds of a life insurance policy are fundamentally inapposite. Life insurance is dependent upon death of the insured and the insured cannot during his life have the proceeds of the contract, since death is a condition precedent. Endowment is based on survival, the insured during his lifetime has the right to the proceeds and such proceeds of a matured contract are indistinguishable from other ordinary forms of investment such as interest bearing savings accounts or trust accounts.

Since the question is one of first impression in this Commonwealth, we have searched the decisions of other jurisdictions. We find that the identical question was raised and decided in In re Harper's Estate, 124 Mont. 52, 218 P. 2d 927 (1950). In this case, decedent was the insured under three endowment insurance contracts, all of which had matured during her lifetime. Under the terms of the policy, she could receive one lump sum or she could exercise any of several options.

She elected to have the company retain the proceeds during her life and pay her interest thereon in monthly installments. Upon the insured's death, the principal sum was to be paid to certain designated beneficiaries if they survived, otherwise to contingent beneficiaries. Similar to our act, the Montana inheritance tax statute provided for the exemption of insurance proceeds. In a well reasoned opinion, the court held:

"At the time these endowment policies matured Mrs. Harper could have received the amount in a single sum. She could have withdrawn it and invested it in bonds, put it in a savings account or bought other property. She would have received a greater or less return depending upon the risk. . . .

"While it is not exactly correct to say that she constructively received the maturity value of the endowment policies, Blum v. Higgins, D.C., 57 F. Supp. 140, 143, the effect after exercising the option of leaving the money with the company on interest is to make an investment at that rate. Blum v. Higgins, 2 Cir., 150 F. 2d 471, 160 A.L.R. 1093. The life insurance part of the contract is at an end. The primary payee could leave the money with the company indefinitely or she could withdraw it at any time she chose. This is in effect a liquid investment at interest and the equivalent of an equal sum of cash. Blum v. Higgins, 2 Cir., 150 F. 2d. 471, 160 A.L.R. 1093.

"Since this was an investment at interest during Mrs. Harper's lifetime and only passed to the named contingent beneficiaries upon her death, *it was a transfer intended to take effect at or after death and should be taxed as such.*" (Italics supplied.)

The cases and authorities uniformly distinguish life insurance from endowment contracts. In Blum v. Higgins, 150 F. 2d 471 (2d Cir. 1945), the court in discussing a matured endowment policy left on deposit with the insurer at interest stated, "We think this does

not differ from a sum of cash." Likewise in 85 C.J.S., Taxation §1147 (3)b, this authority states that a matured endowment policy is an exception to the rule exempting life insurance from taxation since the endowment contract is "not one of true life insurance." See also 19 Appleman, Insurance Law and Practice, §10965 (Pocket Part); 28 Am. Jur., Inheritance, Estate, Succession, and Gift Taxes, §182.

Seward's Estate v. Commissioner of Internal Revenue, 164 F. 2d 434 (4th Cir. 1947), is further authority for the position which we espouse. The court there held:

". . . the proceeds of the matured policies in the hands of the Insurance Company are not insurance monies but investments for which the company has accepted responsibility . . . they are includible in the estate under Section 811(c) as interests in property of which the decedent made a transfer to take effect in possession or enjoyment on or after his death, or as interests in property of which the decedent retained the right to income for his life."

Our position may be succinctly summarized by quoting from Mertens' Law of Federal Gift and Estate Taxation, 2 Mertens 339:

"Proceeds of matured endowment policies in the hands of an insurer are not insurance, but are considered investments in which the insurer has accepted responsibility; . . ."

In the instant case, the proceeds of the matured endowment contract were held by insurer who, under the terms of the elected option, is to pay the income to the insured for life. Upon the insured's death the income is to be paid to the spouse of insured for her life, and upon her death the principal is to be paid to the children of the insured.

This is tantamount to an inter vivos trust wherein settlor retains income for life and upon his death the

wife has a life estate in the trust with remainder in children. It is a transfer intended to take effect at or after death.

You are advised that the wife's interest in the endowment policy is subject to tax and is to be computed as any other life estate. The ultimate beneficiaries of the corpus may elect to prepay the tax upon their remainder interest to be computed as other remainder interests or they may elect to withhold payment of the tax until the transfer takes effect in possession and enjoyment.

You are further advised that in cases where the principal is payable upon death of the insured, the entire amount is immediately subject to inheritance tax.